[Crim. No. 156. Second Appellate District.—December 13, 1909.]

' Ex Parte CLARA MOORE, on Habeas Corpus.

CRIMINAL LAW—VAGRANCY—SENTENCE UPON PLEA OF GUILTY—SUSPENSION OF EXECUTION — VIOLATION OF TERMS — POWER OF COURT — HABEAS CORPUS.—Where a defendant charged with vagrancy was sentenced to imprisonment upon a plea of guilty, and execution of the sentence was suspended, "to leave the city," and the condition of such suspension was violated, the court had power to order a commitment to issue and direct the imprisonment of the defendant under the original judgment, and a writ of *habeas corpus* will not lie to discharge the defendant from custody.

ID.—PROBATION LAW NOT INVOLVED—CASE AFFIRMED.—It is held that the case, as presented, involves no question connected with the probation act of March 13, 1909, but that it is identical with that

12 Cal. App.—11

decided in *Ex parte Collins*, 8 Cal. App. 367, [97 Pac. 188], on the authority of which the writ of *habeas corpus* is denied and the prisoner remanded.

APPLICATION for writ of *habeas corpus* to the custodian of the city jail of Los Angeles.

The facts are stated in the opinion of the court.

S. A. D. Gray, for Petitioner.

H. B. Alexander, Deputy District Attorney, for Respondent.

THE COURT.—Application for writ of *habeas corpus*.

Petitioner was arrested upon a charge of vagrancy, and on the eighteenth day of March, 1909, entered a plea of guilty and was sentenced by the court to serve one hundred and eighty days in the city jail of Los Angeles. Sentence was suspended "to leave city." Thereafter, on October 19, 1909, the defendant was brought before the court charged with violating the terms of the suspended sentence. Thereupon the court ordered a commitment to issue and directed the imprisonment of petitioner under the original judgment. This writ is prosecuted by petitioner to obtain her discharge under said last-named order of the court.

Upon the application for this writ the same was issued upon the theory presented to us that the petitioner had been paroled under the provisions of the act of March 13, 1909 [Stats. 1909, p. 457], and that after the expiration of the term of the original sentence the court had undertaken to revoke the order of probation and directed the execution of the original judgment. Upon the hearing, however, and an examination of the record, we find that no question connected with the probation law is involved, but, on the contrary, that the case presented is identical with that of *Ex parte Collins*, reported in 8 Cal. App. 367, [97 Pac. 188], upon the authority of which case, and for the reasons there assigned, the writ is ordered dismissed and prisoner remanded.