[Crim. No. 228. Second Appellate District.—February 8, 1912.]

## In the Matter of the Application of FRANCISCO GIANNINI for a Writ of Habeas Corpus.

CRIMINAL LAW—POWER OF COURT TO SUSPEND SENTENCE FOR MAXIMUM TERM.—A court has power, under section 1203 of the Penal Code as amended in 1911, to place a defendant upon probation for the full maximum term of sentence provided for the offense of which he is convicted, and when a defendant is placed on probation without limitation of time, the same extends to such maximum term of sentence, and no longer.

CONSTRUCTION OF STATUTE—POWER OF SUSPENSION NOT LIMITED BY FAILURE OF COURT TO PLACE DEFENDANT IN CARE OF PROBATION OFFICER.—It is held that the proper construction of the statute is that absolute power of suspending sentence is given by such section of the Penal Code as amended, and that where a court acts under the statute, within the limits thereof, such order of suspension is not invalidated because the court omits a duty imposed by law upon it to place the party in charge of a probation officer. The functions of the probation officer are not to hold the defendant in custody, but to exercise a supervisory control over his conduct as an arm or instrument of the court.

ID.—SENTENCE NOT INTRUSTED TO PROBATION OFFICER—COMMITMENT UPON REVOCATION OF SUSPENSION.—The legislative intent that no part of the sentence is included within the period of the probation officer's surveillance is apparent when it is considered that upon the revocation of the original order of suspension, the law permits the commitment of the defendant for the full term of the sentence as originally pronounced. The statute confers the power of revocation and modification upon the court for any cause which to the court is good and sufficient.

ID.—REVOCATION OF SUSPENSION ESSENTIAL TO POWER OF COMMITMENT. The court having, by its judgment, suspended the execution of the sentence under the statute, and having jurisdiction so to do, the same became an operative judgment of court, and so remains until revoked or modified by an order regularly made; and in order that the court should possess the power to issue a commitment to one whose sentence had theretofore been suspended, a revocation or modification of the order of suspension is an essential prerequisite.

ID.—COMMITMENT BY JUSTICE OF PEACE—AFFIRMATIVE SHOWING OF REVOCATION OF SUSPENSION REQUIRED—ABSENCE OF INTENDMENTS. Where the order of suspension of sentence was made by a justice of the peace, no intendments can be made in favor of a subsequent

judgment of commitment made by him, under the sentence; but his jurisdiction to make it must affirmatively appear; and where the record does not disclose that any modification or revocation was ever made by the justice, the commitment by him was without authority of law, and the prisoner's detention thereunder was unlawful.

ID.—HABEAS CORPUS.—The commitment being invalid, the prisoner is entitled to be discharged from custody thereunder upon writ of *habeas corpus.*

ID.—CODE PROVISION NOT CONFLICTING WITH EXECUTIVE AUTHORITY OF GOVERNOR.—Section 1203 of the Penal Code, as now existing, regulating the suspension of sentences, and the power of commitment thereafter under the sentence, does not interfere in any way with the functions and duties of the governor of the state.

APPLICATION for discharge upon writ of *habeas corpus.*

The facts are stated in the opinion of the court.

Flint, Gray & Barker, H. B. McClure, H. T. Miller, and G. W. Zartman, for Petitioner.

Frank Lamberson, District Attorney, and James M. Burke, Deputy District Attorney, for Respondent.

THE COURT.—Petitioner on the tenth day of June, 1911, entered a plea of guilty to the charge of unlawfully selling intoxicating liquor contrary to the provisions of an ordinance of Tulare county. The court thereupon adjudged that, as punishment for the offense committed, "the said defendant Francisco Giannini do pay a fine of seventy-five dollars, and in case said fine is not paid within one hour from the time of rendering judgment, that you, Francisco Giannini, defendant, be imprisoned in the county jail of the county of Tulare, state of California, until the fine be duly satisfied, in proportion of one day's imprisonment for every dollar of the fine, or until lawful payment shall have been made of such proportion of said fine as shall not have been satisfied by imprisonment, at the rate above prescribed. And it is further ordered by this court, that the defendant Francisco Giannini be imprisoned in the county jail of the county of Tulare, state of California, for the term of ninety days, and this latter sentence is suspended during the good behavior of defendant Francisco

Giannini, and any violation made by defendant in future, commitment will issue for this imprisonment. Done in open court this 10th day of June, 1911." Thereafter, on the twenty-eighth day of November, 1911, the justice of the peace issued a commitment commanding the sheriff forthwith "to take, arrest and safely keep and imprison the within named Francisco Giannini in the county jail of said county of Tulare until said judgment shall have been satisfied as therein prescribed." Petitioner was thereupon taken into custody upon said commitment, and he seeks a discharge from such custody by reason thereof. The return of the officer justifies the detention of petitioner based upon the commitment so issued.

The question presented upon this application is as to the validity of such commitment. Petitioner's chief contention is that, under the provisions of section 1203, Penal Code, as amended April 6, 1911 (Stats. 1911, p. 689), the power of the court to suspend sentence, or to revoke probation and execute the original sentence, cannot extend beyond the period of time fixed by the court as the sentence, and that more than ninety days having elapsed between the date of the sentence and the issuance of the commitment herein, the court no longer possessed power to direct the commitment of petitioner. With the general proposition, that the power of the court to issue a commitment cannot extend beyond the time of the sentence fixed by the court, we do not agree. Section 1203, Penal Code, as so amended, provides: "The court, judge or justice thereof, may suspend the imposing, or the execution of sentence, and may direct that such suspension may continue for such period of time, not exceeding the maximum possible term of such sentence, and upon such terms and conditions as it shall determine, which terms and conditions may include, in the discretion of the court, the requirement of bonds for the appearance of the person released upon probation before the court, at any time that the court may require such appearance in the investigation of any alleged violation of said terms and conditions of probation, and such bonds may be at any time by the court exonerated without affecting any of the other terms or conditions of such probation; and in case of such suspension of imposition or execution of sentence, the court shall place such person on probation and under the

charge and supervision of the probation officer of said court, during such suspension, or under the charge and supervision of the probation officer of the county in which such probationer is by the court permitted to reside.'' The offense with which petitioner was charged being a misdemeanor as declared by the ordinance, the possible maximum term of sentence, assuming that section 19 of the Penal Code applies to the violation of an ordinance, is six months' imprisonment. That, in our opinion, is the maximum possible term of sentence; that it is competent for a court to impose any sentence of imprisonment less than this maximum term, and, notwithstanding such fixation, to place the defendant upon probation for the full maximum term, and that when a defendant is placed on probation without limitation of time, the same extends to such maximum term of sentence and no longer. It follows, then, that if all other proceedings of the justice were regular, he possessed authority under the law to place petitioner upon probation for the full period of six months. Respondent's contention, however, is that the court possessed no power under the statute to place a party upon probation, except in instances where the party is placed in the hands of a probation officer, and that the order of the court should so specify; in other words, that the mode prescribed by the statute is the measure of the power of the court. We think a proper construction of the statute is that absolute power of suspending sentence is given by this section, and that where a court acts under the statute, within the limits thereof, such order of suspension is not invalidated because the court omits a duty imposed by law upon it: namely, to place the party in charge of a probation officer. The functions of the probation officer are not to hold the defendant in custody, but to exercise a supervisory control over his conduct as an arm or instrument of the court. The legislative intent that no part of the sentence is included within the period of the probation officer's surveillance is apparent when it is considered that upon revocation of the original order of suspension the law permits defendant's commitment for the full term of the sentence as originally pronounced. The court having by its judgment suspended the execution of this sentence under the statute, and having jurisdiction so to do, the same became an

operative judgment of court and so remains until revoked or modified by an order regularly made. This statute confers the power of revocation and modification upon the court for any cause which to the court is good and sufficient; but that a court should possess the power to issue a commitment for one whose sentence had theretofore been suspended, a revocation or modification of the order of suspension is an essential prerequisite. No intendments being in favor of the judgment of a justice, his authority to issue a commitment must affirmatively appear. The record does not disclose that any such modification or revocation was ever made by the justice in the case of petitioner, and the commitment was, therefore, in our opinion, issued without authority of law and the prisoner's detention thereunder unlawful.

We think it unnecessary to distinguish the cases of *In re Collins*, 8 Cal. App. 367, [97 Pac. 188], and *In re Moore*, 12 Cal. App. 161, [107 Pac. 129]. These cases, and those of the supreme court upon which they are based, were all constructions of section 1203 of the Penal Code prior to the amendment of 1911, before which date no power of suspension of sentence after judgment was given the court; hence, it followed that an attempt at suspension was void and the defendant was properly treated as an escape, or as one having consented to a delay in the issuance of the execution. Since the adoption of the amendment above cited, the power of a court to suspend sentence after judgment cannot be questioned.

We are not of opinion that section 1203, Penal Code, as now existing, interferes in any way with the functions and duties of the chief executive of the state. We think it competent for the legislature, and an exceedingly wise provision, to confer upon the courts this power of suspension of sentence to be exercised in proper instances, and that its enactment in no wise impairs the functions of a co-ordinate branch of the government.

Many other points are presented, but entertaining the views hereinbefore expressed, a discussion thereof is unnecessary.

No authority for the issuance of the commitment appearing, the same is invalid, and the prisoner is ordered discharged from custody.