[Misc. No. 1197. In Bank.—February 14, 1933.]

In the Matter of the Disbarment of WILLIAM F. HERRON, Attorney at Law.

Dean R. Dickey for The State Bar.

Edwin V. McKenzie and Harry A. McKenzie for Respondent.

WASTE, C. J.—William F. Herron is an attorney at law, duly admitted to practice in all the courts of this state. The State Bar of California, through its board of governors,

filed in this court a certified copy of a judgment of the Municipal Court of the City and County of San Francisco, from which it appeared that said William F. Herron was, on the twentieth day of July, 1931, convicted in that court of the crime of petit theft, a misdemeanor involving moral turpitude. By the terms of this judgment, it was ordered "that as a punishment therefor the said defendant be imprisoned in the county jail of the City and County of San Francisco, State of California, for the period of thirty days. Sentence suspended."

No appeal was taken from this judgment, but, on February 25, 1932, more than seven months thereafter, an *ex parte* order was made by the same judge that had imposed sentence, to the effect that the judgment be "vacated and set aside, and the above entitled action is hereby dismissed". Subsequently, and on March 22, 1932, another order was made by the same judge, in which, after reciting the judgment of conviction against the defendant and after reciting that the sentence and suspension had expired on the nineteenth day of August, 1931, and after referring to the making of the order of February 25, 1932, setting aside, vacating and dismissing the judgment of conviction, it is stated:

"That the same was inadvertently made after the court had lost jurisdiction thereof, and good cause otherwise appearing therefor,

"It Is Hereby Ordered that the order setting aside said judgment of conviction be, and the same is hereby recalled, vacated and set aside."

If the conviction has become final and has not been set aside, this court, under sections 287 and 299 of the Code of Civil Procedure, has no election, but must disbar respondent. (See, generally, *In re Jacobsen*, 202 Cal. 289 [260 Pac. 294].)

On the record thus presented this court issued its order directing the respondent to show cause why his name should not be stricken from the roll of attorneys and counselors at law of this court, and he be precluded from practicing in this state; and, at the same time, there were submitted to the respondent and to The State Bar the following questions: What effect, if any, had the original order suspending sentence of the municipal court; what effect, if any,

had the second order setting aside the purported conviction and dismissing the action, made after the expiration of six months; and what was the effect, if any, of the final order made in the lower court purporting to vacate and set aside the previous order setting aside the conviction and dismissing the action.

Briefly, it is the contention of the respondent that the order suspending sentence in his case must be regarded as a probationary order. While it is outside the record in this case, it is stated by the respondent in his points and authorities, and not denied by The State Bar, that the money involved in the transaction, upon which the prosecution was based, was actually paid by him to the probation officer. Respondent further contends that the order suspending sentence, being unlimited as to time, must be construed, under section 1203 of the Penal Code, as an order suspending sentence (or placing him on probation) for the maximum possible term of sentence for the crime committed, which, in the instant case, was six months. He, therefore, argues that the probationary period expired on or about January 19, 1932. Based on this premise, it is contended that, having fulfilled the conditions of his probation, the trial court, under section 1203, *supra*, had the power to set the verdict aside and dismiss the action at any time within six months after the termination of the probationary period, which it did on February 25, 1932. It is further contended that the order of March 22, 1932, purporting to reinstate the conviction, was null and void.

We are of the opinion that the contentions of respondent must be sustained.

■ The State Bar contends that the original order of July 20, 1931, suspending sentence (which had the effect, as will later be shown, of placing respondent on probation) was ineffectual, for the reason that the municipal court has no power to grant probation. The probation statute in this state is found in section 1203 of the Penal Code. The language used is so broad as to leave no doubt of its applicability to municipal courts. So far as pertinent here, it provides:

"After the conviction by plea or verdict of guilty of a public offense *in cases where discretion is conferred on the court or any board or commission or other authority* as

to the extent of the punishment the court, upon application of the defendant or of the people or upon its own motion, may summarily deny probation, or at a time fixed may hear and determine in the presence of the defendant the matter of probation of the defendant and the conditions of such probation, if granted'';

In the instant case, there can be no doubt that the offense of which respondent was convicted (petit theft) is one conferring discretion on the trial court as to the extent of the punishment. (See section 490 of the Penal Code.) The expression ''court'' and the expression ''or other authority'' used in the section very clearly evidence the legislative intent to have the provisions of the section apply to all courts, including municipal courts. Any other construction would result in the anomaly that the superior courts could grant probation in crimes where the punishment might be life imprisonment, while the municipal courts, with their enlarged jurisdiction, could not grant probation in any case. Such a result is utterly at variance with the obvious intention of the legislature.

Turning to the main point involved, that is, the legal effect of the order of July 20, 1931, suspending sentence, it is our opinion that such order was the equivalent of an order granting probation for the maximum period of punishment, that is, for six months. It is, true that, under the provisions of section 1203, subdivision 1, of the Penal Code, the trial court should have formally directed that respondent be placed under the control and supervision of the probation officer, and that that was not done in this case, but it is now well settled law that failure so to provide in no way invalidates the order suspending settence. It is equally well settled that such an order is the equivalent of a formal order placing the defendant on probation.

The leading case is *In re Giannini,* 18 Cal. App. 166 [122 Pac. 831], a case involving several of the points here presented. In that case, Giannini pleaded guilty to a misdemeanor carrying a maximum punishment of six months in the county jail. The trial court ordered him imprisoned for ninety days and then provided that ''this latter sentence is suspended during the good behavior of defendant''. The Appellate Court held that, although the trial court had

failed to direct that defendant be placed under the supervision of the probation officer, as provided in section 1203, *supra,* the order suspending sentence was not void, but was tantamount to placing the defendant on probation. The court further held that, although the sentence was fixed at ninety days, the order suspending sentence, being unlimited as to time, as in the instant case, was the equivalent of placing defendant on probation for the maximum possible sentence for the offense, namely, six months. (See, also, *In re Young,* 121 Cal. App. 711 [10 Pac. (2d) 154]; *Ex parte Slattery,* 163 Cal. 176 [124 Pac. 856].)

Applying the principles enunciated in the above cases to the case now under consideration, the order of July 20, 1931, suspending sentence, must be interpreted as an order placing respondent on probation for six months. The probationary period expired January 19, 1932.

The next question presented is the legal effect of the order of February 25, 1932, setting aside the conviction and dismissing the action. It is to be noted that this order was made about one month after the probationary period of six months had expired. This presents the question: Can the trial court, after the maximum period fixed by law for the punishment of a public offense has expired, set aside the conviction and dismiss the action?

The proper answer to this question is found in subdivision 4 of section 1203, which expressly confers that power on the trial court. So far as pertinent here, it provides:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time prior to the expiration of the maximum period of punishment for the offense of which he has been convicted, *dating from said discharge from probation of [or?] said termination of said period of probation,* be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusation or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted."

Under this provision, the trial court had the power at any time within six months from January 19, 1932, to set aside the conviction and dismiss the action, thereby releasing the defendant from all penalties and disabilities resulting from the conviction. This the trial court did on February 25, 1932. That order was clearly within the power and jurisdiction of the trial court.

The order of March 22, 1932, purporting to vacate the order of February 25, 1932, was of no legal effect, because it was based on the false premise that the order of February 25, 1932, was without the court's jurisdiction. The State Bar concedes that the March 22d order "was unnecessary and ineffectual except in so far as it corrected the record". The March 22, 1932, order was likewise null and void, for the reason that it was admittedly made without notice to respondent. A substantial right of the respondent being involved, he was entitled to notice and hearing.

For the foregoing reasons, it is apparent that all the disabilities resulting from the conviction of respondent of a misdemeanor involving moral turpitude have been duly and properly removed.

It is therefore ordered that the order to show cause heretofore issued be discharged and this proceeding dismissed.

Langdon, J., Preston, J., Curtis, J., Shenk, J., and Seawell, J., concurred.