[Crim. No. 590. Fourth Dist. June 14, 1948.]

In re ALFRED RIVELES TORRES, on Habeas Corpus.

Meyer & Dreizen for Petitioner.

James L. Davis, District Attorney (Orange County), and Willard R. Pool, Assistant District Attorney, for Respondent.

BARNARD, P. J.—The petitioner seeks a discharge upon a writ of habeas corpus. It appears from the record that on October 20, 1947, the petitioner was arraigned in the Justice's Court of Orange Township, County of Orange, on a charge of battery and that he pleaded guilty thereto, waiving time for plea and sentence. An order was then entered on that date, as appears from the justice's docket, ordering and adjudging that he be imprisoned in the county jail for a period of six months, with the further provision "it is ordered 5 months of the said six months term be suspended for 2 years, subject to proper behavior of the deft. Commitment is issued for 30 days." The petitioner served the 30 days called for by this commitment.

Thereafter, a bench warrant was issued and the petitioner was brought into court and a further order was made that he be imprisoned in the county jail for the term of five months. In this regard the docket, immediately below the order above quoted, shows the following:

"April 26, 1948. Deft. in. Bench warrant returned. Deft Pleads guilty of violating terms of probation, placed on him in Oct. 1947.

"It is therefore ordered and adjudged the Deft be imprisoned in the Orange Co. jail for the period of 5 months.

"Commitment for said term of 5 months. Done in open court this 26 day of April, 1948."

The order entered on October 20, 1947, suspending five months of the sentence imposed had the effect of placing the petitioner on probation (*In re Herron*, 217 Cal. 400 [19 P.2d 4]), and this was conceded at the oral argument. The petitioner's main contention is that the order and commitment

issued on April 26, 1948, were illegal and void for the reason that the court failed to make an order setting aside or revoking its former "judgment" suspending five months of the sentence on good behavior "and/or probation for the term of two years." Petitioner relies solely on section 1203.2 of the Penal Code and the case of *In re Giannini*, 18 Cal.App. 166 [122 P. 831]. It is accordingly argued that the court was without power to order the petitioner to serve the remaining five months of the term originally imposed without first entering an order setting aside or revoking its former judgment or order.

Section 1203.2 of the Penal Code provides that where the terms of probation have been violated the court may in its discretion "revoke and terminate" such probation. The case of *In re Giannini*, 18 Cal.App. 166 [122 P. 831], states that in order to exercise the power to issue a commitment for one whose sentence had theretofore been suspended a revocation or modification of the order of suspension is an essential prerequisite. It is further stated that since no intendments are in favor of a judgment of a justice of the peace his authority to issue a commitment must affirmatively appear. In that case nothing appeared after the entry of the original judgment and order except the later issuance of a commitment, and it was accordingly held that the commitment was issued without authority of law. While that case is authority for the proposition that in such a case as this some form of revocation or modification of the original order must affirmatively appear, nothing in that decision requires that such revocation or modification appear in any particular form, or that a formal order using the words "revoked" or "terminated" must be entered. Where a violation of the terms of an order of suspension or probation is determined as a fact in open court after notice, and an order is "therefore" made sending a defendant back to jail to serve the remainder of the term originally provided for, it would seem that it affirmatively appears that the suspension or probation has been revoked or terminated. (*In re Cook*, 67 Cal.App.2d 20 [153 P.2d 578].)

In this case there was entered in the justice's docket, immediately below the entry of the original order, a recital of the further facts that the defendant was brought in and had pleaded guilty of violating the terms of his probation, that it was "therefore ordered and adjudged" that he be impris-

oned for the remaining five months, and that commitment issue accordingly. This was a sufficient revocation or termination of the original order of suspension or probation, and it affirmatively appears from the record that the original order was thus revoked or terminated and that in lieu thereof the petitioner was required to serve the remainder of the sentence originally imposed. Under these circumstances the essential facts sufficiently appear and the petitioner is not entitled to his discharge merely because the word "revoked" or the word "terminated" was not used in the order. (See *Ex parte Moore*, 12 Cal.App. 161 [107 P. 129].)

The only other point raised is that the justice's court was without jurisdiction to issue the commitment because it was based upon a judgment rendered six months and six days after conviction, and that this is beyond the time permitted by section 1191 of the Penal Code. This contention is without merit. A resentence or the requiring of the completion of a sentence which has already been imposed is specifically authorized by section 1203.2 of the Penal Code. (*People* v. *Scott*, 74 Cal.App.2d 782 [169 P.2d 970].)

The writ is discharged and the petitioner remanded.

Griffin, J., and Mussell, J. pro tem., concurred.