[Civ. No. 21974. Second Dist., Div. One. Nov. 13, 1956.]

THE PEOPLE, Petitioner, v. MUNICIPAL COURT OF OXNARD-PORT HUENEME JUDICIAL DISTRICT etc., Respondent; ALBINO RAMOS LOZANO, Real Party in Interest.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, and Roy A. Gustafson, District Attorney (Ventura), for Petitioner.

Waite & Drapeau and Robert B. Maxwell for Respondent.

No appearance for Real Party in Interest.

FOURT, J.—The petitioner seeks a writ of mandate to direct and compel the respondent, the Municipal Court of

Oxnard-Port Hueneme Judicial District, Ventura County, to:

"1. Direct the Chief of Police at the police department in the City of Oxnard, State of California, to take and preserve the fingerprints of defendant Albino Ramos Lozano.

"2. Require that the defendant report either to the court or to the probation officer at such times during the period of probation as specified by the court.

"3. Furnish defendant with probation papers stating:

"a. the length of probation.

"b. the terms and conditions of probation.

"c. the person to whom, and the times at which, defendant is to report during the probationary period.

"d. the right of defendant, upon completion of probation, to have the conviction set aside and the complaint dismissed."

The facts are substantially as follows: Albino Ramos Lozano was, on August 1, 1956, convicted in the respondent court of the crime of violation of section 647, subdivision 11 of the Penal Code (common drunk). On the same date, at the time of pronouncement of judgment, the court said, "Sixty days in the Oxnard City Jail, all of which sentence is suspended." The judgment and order were entered in the docket. The petitioner's attorney, the district attorney of Ventura County, thereupon moved the court to direct the taking of the defendant's fingerprints, to require that the defendant report either to the court or the probation officer, and to furnish the defendant with probation papers, all as heretofore set forth. The motion was denied.

Reduced to simple terms, the question is whether the court, when granting summary probation in misdemeanor cases, has the duty, and should be compelled by writ of mandate to carry out such duty, to direct the fingerprints of the defendant to be taken and preserved, to require that the defendant report either to the court or the probation officer during the period of probation at such times as the court may specify, and to furnish the defendant with probation papers setting forth the length, terms and conditions of probation.

The pertinent parts of Penal Code, sections 1203, 1203.1, 1203a and 1203b, are set forth in the footnote herein.[1]

---

[1] "§ 1203. . . . If the court shall determine that there are circumstances in mitigation of punishment prescribed by law, or that the ends of justice would be subserved by granting probation to the defendant, the *court shall have power* in its discretion *to place the defendant on probation as hereinafter provided*; . . ." (Emphasis added.)

"§ 1203.1. . . . The court, judge or justice, *in the order granting*

Section 1203b was adopted in 1941. Prior to that time, under the provisions of section 1203 of the Penal Code, a court with jurisdiction to grant probation could deny probation summarily, but it could not grant it without a prior reference to, and a report from a probation officer. The 1941 Legislature changed this procedure in misdemeanor cases. The section was adopted as an urgency measure and the following reasons were assigned for the enactment of the section: (1941 Stats., chap. 24, p. 445.)

"At the present time when a defendant in a criminal case in an inferior court seeks probation, the law requires that in every case his application be referred to the probation officer for investigation and report, notwithstanding the fact that in view of all the circumstances and evidence in many cases the court may already be satisfied that the granting of probation is justified. Under the present law until the probation officer's report is made to the court the defendant is frequently

---

*probation* and as a condition thereof *may imprison* the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; provided, however, that where the maximum possible term of such sentence is three years or less, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over three years; may fine the defendant in such sum not to exceed the maximum fine provided by law in such case; or may in connection with granting probation, impose either imprisonment in county jail, or fine, or both, or neither; may provide for reparation in proper cases; and may require bonds for the faithful observance and performance of any or all of the conditions of probation.

". . . .

". . . In counties and cities and counties in which there are facilities for taking fingerprints, *such marks of identification of each probationer must be taken* and a record thereof kept and preserved.'' (Emphasis added.)

"§ 1203a. . . . In all counties and cities and counties the courts therein, having jurisdiction to impose punishment in misdemeanor cases, shall have the power to refer cases, demand reports and to do and require all things necessary to carry out the purposes of Section 1203 of this code insofar as they are in their nature applicable to misdemeanors. Any such court "shall have power to suspend the imposing or the execution of the sentence, and to make and enforce the terms of probation for a period not to exceed three years; provided, that when the maximum sentence provided by law exceeds three years imprisonment, the period during which sentence may be suspended and terms of probation enforced may be for a longer period than three years, but in such instance, not to exceed the maximum time for which sentence of imprisonment might be pronounced.

"§ 1203b. . . . All courts shall have power to grant probation summarily in misdemeanor cases without referring such cases to the probation officer; *provided, however, that unless otherwise ordered by the court persons granted probation summarily shall report only to the court and the probation officer shall not be responsible in any way for supervising or accounting for such person.''* (Emphasis added.)

held in custody, in some cases for many days. This procedure has resulted in unnecessarily delaying the action of the courts, in unnecessary confinement of a defendant and in great and unnecessary expense in connection with investigations by the probation officer. It is necessary that the congestion now existing be relieved immediately in order that such unnecessary delays be avoided. It is therefore necessary that this act take effect immediately.''

In 1951, the Legislature amended section 1203b by adding that part which follows the semicolon, and is italicized in the footnote herein. Thus, the Legislature created two methods or plans of granting probation. Prior to the amendments there was no distinction between the two.

▇ An order suspending sentence is nothing more nor less than the granting of probation. (*People* v. *Cravens,* 115 Cal.App.2d 201 [251 P.2d 717]; *United States Fid. & Guar. Co.* v. *Justice Court,* 99 Cal.App.2d 683 [222 P.2d 292]; *Oster* v. *Municipal Court,* 45 Cal.2d 134 [287 P.2d 755]; *People* v. *Williams,* 93 Cal.App.2d 777 [209 P.2d 949]; *People* v. *Sidwell,* 27 Cal.2d 121 [162 P.2d 913]; *In re Clark,* 70 Cal.App. 643 [234 P. 109].) An order suspending sentence is in legal effect ''the equivalent of a formal order placing the defendant on probation.'' (*In re Herron,* 217 Cal. 400, 404 [19 P.2d 4].)

▇ The judge of a court may ordinarily do one of two things at the time a defendant appears for the pronouncement of judgment. The defendant can be sentenced (*People* v. *Williams, supra*) or, he can be granted probation (unless barred by statute). (See footnote, Pen. Code, § 1203.)

The purpose of probation generally is appropriately set forth in *People* v. *Johnson,* 134 Cal.App.2d 140, at pages 143-144 [285 P.2d 74]: ''The granting of probation, aside from being an act of clemency extended to one who has committed a crime, is also in substance and effect a bargain made by the People, through their Legislature and courts, with the malefactor. The Penal Code, sections 1203 et seq., dealing with the subject of probation, provide in effect that in granting probation the People of the State, speaking through their courts, may say to one who has committed a crime, 'If you will comply with these requirements you shall be entitled to this reward.' The purpose and hope are, of course, that through this act of clemency, the probationer may become reinstated as a law-abiding member of society. Removal of the blemish of a criminal record is the reward held out through the provisions of Penal Code, section 1203.4, as an additional

inducement. The obvious purpose is to secure law compliance through an attempt at helpful cooperation rather than by coercion or punishment. The law does not require positive proof of total and permanent reformation or rehabilitation as a condition to surrender of the right to impose judgment and sentence, for there could be no such proof. Neither *People* v. *Majado,* 22 Cal.App.2d 323 [70 P.2d 1015] . . ., nor *In re Phillips,* 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644], cases cites by respondent, lays down any such requirement. The theory seems to be that if one with a reasonably satisfactory background commits a crime, the experience of apprehension and processing through court, together with the restrictions imposed through probation upon unlawful or intemperate conduct, may effect a greater degree of reformation than jail or prison confinement, and a showing that the terms of probation have been complied with would support a hope, at least, that reformation had been accomplished.''

■ Probation is obviously granted by an order. Section 1203.1, Penal Code, provides in part, ''. . . in the order granting probation. . . .'' ■ The word ''probation'' by its very name implies that the probationer must fulfill certain conditions to be entitled to the reward. Webster's New International Dictionary, 2d edition, page 1971, defines the word: ''The method of treating a delinquent, convicted of an offense, whereby he is not imprisoned but is released on a suspended sentence under supervision and upon specific conditions; . . . ''

As to the term of probation, section 1203.1, Penal Code, see footnote.

In the case before us the judge made no statement as to the term, and therefore whatever the term is must, of necessity be implied. At the time when the statutes limited the length of the probationary period to the maximum sentence which could be given, appellate courts stated that when the trial judge was silent as to the term, it must be implied that the term is the longest for which probation is possible. (*In re Giannini,* 18 Cal.App. 166 [122 P. 831] ; *In re Herron, supra*; *People* v. *Wallach,* 8 Cal.App.2d 129 [47 P.2d 1071].)

In *People* v. *Rye,* 140 Cal.App.2d Supp. 962 [296 P.2d 126], the court held that the probationary period, when the judge is silent on the matter, is equivalent to the maximum sentence which could be given, and not the maximum possible term of probation. In the Rye case the defendant was found guilty of a misdemeanor and sentenced to pay a fine of $10, and in

case the fine was not paid forthwith the defendant was to be imprisoned in jail for one day for each $5.00 of the fine not paid until the fine was satisfied in full and thereafter the judge ordered "sentence is hereby suspended." The appeal in the Rye case was "from the order suspending the execution of the judgment." The appellant contended that the order either placed the defendant upon probation or was void and if it was an order for probation then the order was nevertheless erroneous. The court held, among other things, that the order in effect was to place the defendant on probation. There was no motion made in the Rye case, as there was in the instant case, that the defendant's fingerprints be taken and he be furnished with probation papers, etc.

Petitioner here contends that the statutory provisions are mandatory, and therefore the judge is required to follow his order granting probation with further acts, that is:

1. To direct that the probationer be fingerprinted.

2. To direct the probationer to report either to the court or to the probation officer.

3. To furnish defendant with probation papers stating:

a. the length of probation;

b. the terms and conditions of probation;

c. the person to whom, and the times at which, defendant is to report during the probationary period;

d. the right of defendant, upon completion of probation, to have the conviction set aside and the complaint dismissed.

*Fingerprinting.* (See Pen. Code, § 1203.1, footnote.) The question arises, who is to perform the task directed? Quite obviously, from the statute, fingerprints are to be taken where "there are facilities for taking fingerprints," that is, a sheriff's office or police department. But equally obvious is the fact that the person responsible for the probationer, either the judge or the probation officer, must see that this act is performed. In the instant case it is the judge's duty, since no probation officer is involved.

*Reporting and Supervision.* The general probation law contained in Penal Code, section 1203.1, provides as to every probationer that "the court shall place the defendant or probationer in and under the charge of the probation officer of the court, for the period or term fixed for probation; . . ." Similarly, section 1215 of the Penal Code provides that where "the court has suspended sentence, or where, after imposing sentence, the court has suspended execution thereof . . ., the defendant . . . must forthwith be placed under the care

and supervision of the probation officer of the court. . . .'' In misdemeanor cases, probation can be summarily granted, that is, "without referring such cases to the probation officer." (Pen. Code, § 1203b.) Reporting and supervision are not, however, dispensed with. The only difference is that "unless otherwise ordered by the court persons granted probation summarily *shall* report only to the court and the probation officer shall not be responsible in any way for supervising or accounting for such persons." (Pen. Code, § 1203b. [Emphasis added].) Thus whether probation is summarily granted or not, every probationer must be under the supervision of either a judge or a probation officer and the probationer must be ordered to report to his supervisor.

*Probation Papers.* Penal Code, section 1203.12, provides in part: "The probation officer shall furnish to each person who has been released on probation, and committed to his care, a written statement of the terms and conditions of his probation unless such a statement has been furnished by the court. . . ." Penal Code, section 1203.4, provides: "The probationer shall be informed of this right and privilege [to have his conviction set aside] in his probation papers."

When probation is summarily granted, the papers should be furnished by the judge. To say that they need not be furnished by anyone is to deprive a defendant who is granted summary probation of a valuable right.

What should these papers contain in a case such as this? At the very least, they should contain the information about the defendant's right and privilege required by the statute. More than that, however, they should advise him that he is on probation, that the term is for six months, that the conditions are that he shall not engage in criminal practices or become abandoned to improper associates.

It has been suggested that since everyone is presumed to know the law, the probationer knows when the judge suspends sentence that he is on probation and knows the length and terms of probation. That this is an unrealistic presumption is shown by the fact that even judges do not always realize that suspending a sentence is the grant of probation. (See *In re Cohen,* 198 Cal. 221, 228 [244 P. 359]; *People* v. *Cravens, supra,* 115 Cal.App.2d 201; *People* v. *Rickson,* 112 Cal.App.2d 475 [246 P.2d 700].) In any event, the legislative intent not to indulge in that presumption is clear. The statutes provide that upon the successful completion of probation, defendant can "clear the record." The presumption of

knowledge of the law would lead to the conclusion that he knows of this right. But the Legislature was not content with that. It said he "shall be informed of this right and privilege in his probation papers." In view of this provision, it is only reasonable to infer that the probation papers should also specify his status as a probationer and the length and terms of probation.

Any other conclusion would result in gross injustice to the defendant. He would leave the courtroom after a "suspended sentence" without the slightest actual knowledge that he is a probationer for a certain period with certain conditions and without knowledge of his rights and privileges to "clear the record." Certainly the Legislature cannot have intended that result.

 In our opinion, the acts required are mandatory. "It is true that 'shall,' used in a statute, does not always import that its provisions are mandatory, *although in most cases it does. . . .*" (*Francis* v. *Superior Court,* 3 Cal.2d 19, 29 [43 P.2d 300] [emphasis added].) The test is this: "If to construe it as directory would render it ineffective and meaningless it should not receive that construction." (*Carter* v. *Seaboard Finance Co.,* 33 Cal.2d 564, 573 [203 P.2d 758]; see also *Pulcifer* v. *County of Alameda,* 29 Cal.2d 258 [175 P.2d 1].) Thus, a statute was held to be mandatory where "to construe this provision of the section as directory merely would be to defeat the very purpose of its enactment." (*Francis* v. *Superior Court, supra,* p. 29.) ". . . [I]t appears that if public policy is in favor of the imperative meaning, the words referred to will be held mandatory." (*Pleasant Grove Union Sch. Dist.* v. *Algeo,* 61 Cal.App. 660, 662 [215 P. 726].) "In construing a statute matters of substance are to be construed as mandatory." (*People* v. *Butler,* 20 Cal.App. 379, 384 [129 P. 600].)

In many cases the mere use of "shall" or "must" has settled the matter without further discussion. In *Board of Supervisors* v. *Simpson,* 36 Cal.2d 671 [227 P.2d 14], the court said (pages 675-676): "As pointed out above, the district attorney *must* or *shall* bring an action to abate a public nuisance when so directed by the board of supervisors. . . . 'Shall' is mandatory (Gov. Code, § 14), and certainly 'must' is also." In *National Automobile etc. Co.* v. *Garrison,* 76 Cal.App.2d 415 [173 P.2d 67], the court said (p. 417): "'Shall' means 'must' (Webster's New Inter. Dict. (1939), vol. 2, p. 2300), while 'may' means 'to have power.' (Web-

ster's New Inter. Dict. (1939), p. 1517.)" In *Thomas* v. *Driscoll*, 42 Cal.App.2d 23 [108 P.2d 43], the court said (page 27) : "Also, the use of the imperative auxiliary 'shall' signified a command (57 C.J. 548)."

The provisions relating to probation are found in chapter 1 of title 8 of the Penal Code, consisting of sections 1191 through 1207. The appellate courts have repeatedly held that when mandatory language is used in those sections, the court has no discretion to ignore it but must comply therewith.

Section 1191 is interpreted in *People* v. *Gilbreth*, 33 Cal. App. 23 [164 P. 18]. Section 1192 is interpreted in *People* v. *Paraskevopolis*, 42 Cal.App. 325 [183 P. 585]. Section 1193 is interpreted in *In re Levi*, 39 Cal.2d 41 [244 P.2d 403]. Section 1200 is interpreted in *People* v. *Hawthorne*, 63 Cal. App.2d 262 [146 P.2d 517]. Section 1202 is interpreted in *In re Rothrock*, 14 Cal.2d 34 [92 P.2d 634].

Section 1203 provides that "in every felony case in which the defendant is eligible for probation, before any judgment is pronounced, and whether or not an application for probation has been made, the court must immediately refer the matter to the probation officer to investigate and to report to the court. . . ." In *People* v. *Gotto*, 138 Cal.App.2d 165 [291 P.2d 41], the court held this provision mandatory. It said, at page 168: "In cases in which a defendant is eligible for probation the court before rendering judgment must refer the matter to the probation officer whether or not an application for probation is made. . . . In a case in which the defendant is eligible for probation, if the court renders judgment without a reference to the probation officer, the judgment will be reversed, not for a new trial, but for the purpose of proceedings in accordance with statutory procedure."

The second paragraph of section 1203 provides that probation "shall not be granted" in certain cases. This language has been held to be mandatory in many cases. In *In re Sheffield*, 18 Cal.App.2d 177 [63 P.2d 829], the trial court suspended the sentence of a person convicted of assault with a deadly weapon. The appellate court said, at page 178: "The trial court was without jurisdiction to grant probation to the defendant upon her plea of guilty to the offense charged."

Section 1203.1 requires, among other things, "the court *shall* place the defendant or probationer in and under the charge of the probation officer of the court. . . ." In *In re Giannini, supra,* 18 Cal.App. 166, it is stated (at page 169)

that the court, because of this language has "a *duty* imposed by law upon it; namely, to place the party in charge of a probation officer." (Emphasis added.) Similarly, in *In re Herron, supra,* 217 Cal. 400, it was noted at page 404 that "the trial court *should have* formally directed that respondent be placed under the control and supervision of the probation officer. . . ." (Emphasis added.) In both of those cases, the courts held that failure to perform this duty did not invalidate the probation orders. But these cases were collateral attacks on the orders, not mandamus proceedings. It seems clear that in proper proceedings those courts would have enforced the duty which they specifically recognized.

Section 1203.1 is modified, as to summary probation granted in a misdemeanor case, by section 1203b. In effect, the judge is told by section 1203b: "If you grant probation summarily, then, unless you otherwise order, the defendant is to report to *you* and *you* are to do the supervising." The judge could, by explicit order, require the defendant to report to the probation officer. There is no indication, however, that the judge can completely dispense with the reporting and supervising. If the statute were so construed, the heart of the probation system (supervision for rehabilitation) would be gone.

In the case of *People* v. *Johnson, supra,* 134 Cal.App.2d 140, the court said, at page 144: "It is true that the word 'shall' when appearing in a statute is not necessarily mandatory, and may be construed as directory or permissive, depending upon the intent of the Legislature. (Citing cases.) But it is also true that 'When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted.' (Citing cases.) It is our interpretation of Penal Code, section 1203.4, that the word 'shall' as used therein was intended by the Legislature to be mandatory, and if, upon the evidence and the record, a court finds that the defendant (to use the exact language of the section) 'has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof,' said defendant is entitled as a matter of right to the benefits prescribed in said section. It was apparently intended that where a defendant has performed the requirements laid down in terms of probation the court should have no discretion but to carry out its part of the bargain with said defendant, even though it might appear

at the time of application for said benefits that complete and permanent reformation or rehabilitation has not been accomplished.''·

■ The word ''shall'' is mandatory in the first sentence of section 1203.4, and it would appear entirely inconsistent to hold that it is merely directory in the second sentence which sets forth: The probationer shall be informed of this right and privilege in his probation papers.

The Legislature did not use such words as ''may,'' ''might,'' ''should,'' or ''ought,'' nor any other equivocal words or phrases in the section in question. In common and ordinary usage ''shall'' has a compulsory or mandatory meaning. ■ In this sense ''shall'' is inconsistent with and excludes the idea of discretion and operates to impose a duty—particularly if public policy is in favor of this meaning, or when addressed to public officials or where public interest is involved, or where the public or persons have rights which ought to be exercised or enforced, unless an intent to the contrary appears; but the context ought to be very strongly persuasive before it is softened into a mere permission.

Let a peremptory writ of mandate issue as prayed.

White, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 8, 1957.