MATTER OF C——P——

In DEPORTATION Proceedings

A-6749896

*Decided by Board December 14, 1959*

Deportability—Section 241(a)(4), convicted and sentenced within five years— Suspension of imposition of sentence may be revoked and sentence actually imposed without use of words "revocation" or "termination."

Respondent in 1955 pleaded guilty in the California Superior Court to burglary, second degree; probation was granted and imposition of sentence suspended. In 1959, on evidence of violation of probation but without expressly revoking or terminating the 1955 order, the court ordered that respondent be punished by a term of 1–15 years in the State Prison and that execution of sentence be suspended. Held: under California law there was an actual imposition of sentence in 1959 rather than a modification of the terms of probation. Respondent was "sentenced" within the meaning of the first part of section 241(a)(4) of the 1952 act.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Crime within five years: Burglary, second degree.

**BEFORE THE BOARD**

**Discussion:** By decision dated June 22, 1959, the special inquiry officer concluded that respondent is not deportable on the charge contained in the order to show cause. The special inquiry officer thereupon ordered that the proceedings be terminated. From such decision the Service has taken an appeal.

The respondent, a married male alien, a native and national of Mexico, testified that he was admitted to the United States for permanent residence on June 11, 1954. On March 7, 1955, in the Superior Court of the State of California in and for the County of Fresno, he pleaded guilty to two counts of burglary of a locked automobile (second degree) committed on or about February 5, 1955. On March 21, 1955, the court suspended the imposition of sentence for the period of 10 years and placed the respondent on probation, one of the conditions of probation being that respondent be committed to the custody of the Sheriff of Fresno County for the first 60 days of the probationary period.

504

On April 10, 1959, the court entered a further order reading as follows:

HEARING:

The District Attorney, by his Deputy, M——K——. with the defendant and his counsel, T——O—, come into open court for hearing on the Special Report of the Probation Officer. The Court considers the said report and orders that probation terms be modified as follows:

THAT WHEREAS, the said A——C——P—— having pleaded guilty to BURGLARY, SECOND DEGREE, * * * and the Court having thereafter on the 21st day of March, 1955, suspended the imposition of sentence and admitted the defendant to probation for a period of 10 years * * * and it appearing to the Court that the defendant has violated the terms of said probation,

IT IS ORDERED, ADJUDGED AND DECREED that the defendant A—— C——P—— be punished by imprisonment in a California State Prison for the term prescribed by law and he is committed to the custody of the Director of Corrections until legally discharged. IT IS FURTHER ORDERED that the execution of this sentence be suspended on condition that the defendant spend the first 90 days in custody and he is committed to the custody of the Sheriff of the County of Fresno for a period of 90 days without credit for time already spent in custody. It is further ordered that all other terms of probation shall remain in full force and effect. The defendant is remanded to the custody of the Sheriff of the County of Fresno for the execution of this sentence.

It is further ordered by the Court that this sentence shall be served concurrently with any other sentence the defendant may now be serving.

The pertinent provisions of sections 1203.1, 1203.2, and 1203.3 of the California Penal Code regarding probation orders are as follows.

Section 1203.1 authorizes the court to suspend imposition or execution of sentence and to impose as a condition of probation imprisonment in a county jail for a period not exceeding the maximum time fixed by law in the particular case. Section 1203.1 also gives the court the power to modify and change any and all terms and conditions of probation and to reimprison the probationer in the county jail should the probationer violate any of the terms and conditions imposed by the court.

Section 1203.2 provides that the court may revoke and terminate the probation, if the interests of justice so require, and if the court, in its judgment, shall have reason to believe that the person so placed on probation is violating any of the conditions of the probation. This section further provides that upon such revocation and termination the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the defendant might have been sentenced.

Section 1203.3 gives the court authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence.

The special inquiry officer comments that when the court suspended imposition of sentence and placed the respondent on proba-

tion the respondent did not become deportable. The special inquiry officer states that the order of April 10, 1959, was not a sentencing of the respondent but was merely a modification of probation and that respondent is, therefore, still not deportable.

The special inquiry officer points out that the court in the order of April 10, 1959, declared at the outset that the terms of probation were being modified and that nowhere does the court describe its action as revocation of probation. The special inquiry officer takes the position that although such 1959 order seems to reflect an intention on the court's part to impose the sentence, the language of the court in its entirety indicates that the court was modifying the terms of probation rather than revoking probation and imposing sentence.

The special inquiry officer states that "imprisonment in the State prison for the term prescribed by law must be held, therefore, to be a condition of probation imposed by the court, rather than a sentence, albeit the action of the court in imposing such a condition of probation is *ultra vires* and a nullity." The special inquiry officer further states that if the court's action of April 10, 1959, however, was a revocation of probation followed by imposition of sentence for the term prescribed by law, respondent would be deportable despite the fact that the execution of sentence was suspended.

The decision of the special inquiry officer is apparently based on the fact that the court did not "describe its action as revocation of probation." It is not necessary that the court so describe its action. There can be a "revocation" or "termination" of an original order of suspension or probation without the use of the word "revoked" or "terminated." Thus, in *In re Torres* (86 C.A. 2d 178, 194 P. 2d 593 (1948)), the court stated in part: "While that case (*In re Giannini*, 18 C.A. 166, 122 P. 831) is authority for the proposition that in such a case as this some form of revocation or modification of the original order must affirmatively appear, nothing in that decision requires that such revocation or modification appear in any particular form, or that a formal order using the words 'revoked' or 'terminated' must be entered. Where a violation of the terms of an order of suspension or probation is determined as a fact in open court after notice, and an order is 'therefore' made sending a defendant back to jail to serve the remainder of the term originall provided for, it would seem that it affirmatively appears that th suspension or probation has been revoked or terminated."

In the instant case, in the presence of the Deputy District A torney, the respondent and his counsel, after reciting the history the case and immediately after the words "and it appearing to t Court that the defendant has violated the terms of said probatio the court "ordered, adjudged and decreed" that the respondent

506

punished by imprisonment in a California state prison for the term prescribed by law and that the execution of this sentence be suspended under specified conditions.

In the light of the decision in *In re Torres, supra*, this court order clearly shows that there was a revocation of the original order of probation and the suspension of the imposition of sentence because respondent had violated the terms of his probation and that the sentence provided by law was being imposed.

Counsel urges that where probation is denied in California the court does not have the authority to suspend part of a sentence and that the court has no power to suspend execution of a sentence except as an incident to granting probation.

In the instant case, the court did not deny probation. On the contrary, the order suspending the execution of the sentence was an indication that respondent was again being placed on probation (*People* v. *Municipal Court*, 145 C.A. 2d 767, 303 P. 2d 375 (1956)) and the remainder of such order shows that a condition of the new probation was that respondent spend the first 90 days in the custody of the Fresno County sheriff. The words: "It is further ordered that all other terms of probation shall remain in full force and effect" immediately follow the provision with respect to such 90 days, and thus the remaining conditions of the original probation were incorporated by reference.

The modification of probation mentioned at the beginning of the order of April 10, 1959, and before the recital of the history of the case would appear to refer to the fact that the suspension of the imposition of sentence was being revoked and that respondent was to spend an additional 90 days in the custody of the sheriff.

It may be noted that sentencing to a state prison is not permitted as a condition of probation (section 1203.1, California Penal Code). However, the court was within its authority under section 461 of the Code in sentencing respondent to a state prison as the punishment for burglary in the second degree. Section 461 provides:

Burglary is punishable as follows:

1. Burglary in the first degree: * * *;

2. Burglary in the second degree: by imprisonment in the county jail not exceeding 1 year or in the State prison for not less than 1 year or more than 15 years.

The words in the court order of April 10, 1959, "It is ordered, adjudged and decreed that the defendant * * * be punished by imprisonment in a California State Prison," closely follow the wording of the provision regarding the sentence in section 461, and the expression "for the term prescribed by law" is commonly used by the courts in imposing a sentence for an indeterminate term (*In re Larsen*, 44 C. 2d 642, 283 P. 2d 1043).

Upon careful consideration of the record, it is our conclusion that when the court ordered, adjudged and decreed on April 10, 1959, that the respondent be punished by imprisonment in a California state prison for the term prescribed by law the court was actually imposing the sentence for second degree burglary provided by law, after revoking the suspension of the imposition of sentence, and that such a sentence was an independent sentence and not a condition of probation. Respondent, having been sentenced to imprisonment in a California state prison for the term prescribed by law for second degree burglary is considered as having been sentenced to a minimum term of 1 year and a maximum term of 15 years (*In re Larsen, supra*).

Since the crime for which respondent was convicted and so sentenced involves moral turpitude and was committed within five years after entry, he is subject to deportation on the charge contained in the order to show cause, although there was no actual imprisonment under such sentence (*United States ex rel. Fells v. Garfinkel*, 158 F. Supp. 524 (W.D. Pa., 1957), aff'd 251 F. 2d 846 (C.A. 3, 1958)). Inasmuch as it is our conclusion that deportability on the charge contained in the order to show cause has been established, the order of the special inquiry officer will be reversed and an order of deportation will be entered in lieu thereof.

**Order:** It is ordered that the order entered by the special inquiry officer on June 22, 1959, be and the same is hereby reversed.

*It is further ordered* that the respondent be deported from the United States in the manner provided by law on the charge contained in the order to show cause.