Filed 12/20/22  P. v. Zalloum CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078078 |
| v. | (Super.Ct.No. INF1701436) |
| KHALED MOHD ZALLOUM, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Khaled Mohd Zalloum was granted probation pursuant to a plea agreement. On appeal, he challenges the fines and penalty assessments reflected in the trial court's minute order. Although "the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs [is] the sole issue on appeal," we have jurisdiction because Zalloum filed a motion for correction in the trial court. (Pen. Code, § 1237.2.) The motion was taken off calendar without a ruling on the merits.

We agree with the People that the matter must be remanded "for the trial court to specify the amounts and statutory basis of each fine, penalty, and assessment" in its written orders. We otherwise reject Zalloum's arguments and affirm.

BACKGROUND

An amended information charged Zalloum with one felony count of driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a)), with enhancements alleged for having committed the offense while released on bail (Pen. Code, § 12022.1) and for willfully refusing to submit to a chemical test (Veh. Code, §§ 25377, subd. (a)(2) & 23578).

The parties reached a plea agreement, pursuant to which Zalloum pled guilty to a single misdemeanor count of driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)), the remaining felony charge and enhancements were dismissed, and summary probation was granted for 36 months with various conditions (Veh. Code, § 23600, subd. (b)(1)).

2

Zalloum's stipulated disposition was documented in a sentencing memorandum (local form CR002) expressly "incorporated into" a misdemeanor plea form (local form CR005). The plea form includes the handwritten notation "$1703.00" just above the signature lines. The sentencing memorandum sets forth the following fines and assessments as conditions of probation: (1) a "fine and penalty assessment of $1703.00," (2) a restitution fine of $150 (Pen. Code, § 1202.4, subd. (b)), and (3) a probation revocation restitution fine of $150, stayed pending completion of probation (Pen. Code, § 1202.44). Zalloum was also ordered to pay victim restitution in an amount to be determined by the probation department; the restitution award is not at issue on appeal. (The sentencing memorandum also imposed court operations and facilities assessments (Pen. Code, § 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1)) as stand-alone orders of the court, not as conditions of probation.) Both the sentencing memorandum and the misdemeanor plea form were signed by Zalloum, his retained counsel, and the prosecutor and submitted to the court for approval pursuant to section 1192.5 of the Penal Code.

At the November 9, 2021, change-of-plea hearing, the court reviewed both pages of the plea form with Zalloum on the record, and Zalloum affirmed that he had reviewed each applicable item with his counsel, understood them, initialed next to each, and signed the document. Following the plea colloquy, the court entered Zalloum's plea of guilty. After requesting immediate sentencing, Zalloum affirmed that he had reviewed with his counsel, understood, and agreed to all of the terms set forth in the sentencing

memorandum before signing the document. Thereafter, the court signed the sentencing memorandum, stating: "I've signed the order approving the disposition and the terms of probation." The court did not mention any fines, penalties, or assessments on the record at the hearing. The minute order from the hearing includes the same fines and assessments as listed in the sentencing memorandum.

DISCUSSION

Zalloum argues that the trial court did not impose any fines or assessments during "oral pronouncement of sentence," and therefore all the financial obligations appearing in the court's minutes and the sentencing memorandum are the result of "clerical error" and must be stricken to conform the court's records to its "oral pronouncement of judgment." The argument is meritless because a court that suspends imposition of sentence and grants probation need not orally itemize all of the fines, fees, and assessments imposed as conditions of probation.

Because the trial court suspended imposition of sentence and granted summary probation, the requirement that the court "[p]ronounce the court's judgment and sentence, stating the terms thereof" does not apply unless probation is revoked and terminated. (Cal. Rules of Court, rule 4.433(c)(5); see *id*., rule 4.435(b)(1).) "The rendition of judgment and the imposition of sentence take place in an entirely different legal setting than the grant of probation." (*In re Klein* (1961) 197 Cal.App.2d 58, 63.) "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation. [Citations.]

4

The probation order is considered to be a final judgment only for the 'limited purpose of taking an appeal therefrom.' [Citation.]" (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.) Where, as here, the court "suspends imposition of sentence, it pronounces no judgment at all," and its "authority to render judgment ends with the expiration of probation." (*People v. Chavez* (2018) 4 Cal.5th 771, 781, 777.) If the conditions of probation are violated, the probation order is subject to revocation "with pronouncement of judgment and sentence to follow." (*Stephens v. Toomey* (1959) 51 Cal.2d 864, 871.)

Similarly, "'the imposition of a fine as a condition of probation is not a judgment imposing a fine,'" because the probation order remains subject to revocation, modification, or change during the term of probation. (*People v. Labarbera* (1949) 89 Cal.App.2d 639, 643.) Consequently, the court has no duty to pronounce in detail all of the terms and conditions of probation—including, as here, those requiring payment of fines. (*People v. Thrash* (1978) 80 Cal.App.3d 898, 901-902.) A written probation order given to the probationer may validly impose conditions that were omitted entirely from the court's oral pronouncement. (*Ibid.*; *In re P.O.* (2016) 246 Cal.App.4th 288, 292, fn. 4; *In re Frankie J.* (1988) 198 Cal.App.3d 1149, 1154-1155; *In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.) Where there are discrepancies between a court's oral pronouncement granting probation and its written order, "the modern rule is not automatic deference to the reporter's transcript, but rather adoption of the transcript due more credence under all the surrounding circumstances." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586, disapproved on another ground in *People v. Hall* (2017) 2

Cal.5th 494, 503, fn. 2; see *People v. Harrison* (2005) 35 Cal.4th 208, 226.) Courts have recognized there may be good reason to favor the written probation order over the reporter's transcript, which may be "less inclusive" because detailed oral advisement is not required. (*In re D.H.* (2016) 4 Cal.App.5th 722, 725.) Moreover, although oral recitation of probation conditions is not required, providing the probationer with a written statement of them is. (Pen. Code, §§ 1203.7, subd. (d), 1203.12, 1203.4; *People v. Municipal Court (Lozano)* (1956) 145 Cal.App.2d 767, 774-776.) Indeed, this court has previously recognized that a trial court's written order can supplement or modify its oral pronouncement granting probation. (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1015.)

However, the amount and statutory basis for each fine, fee, and assessment must be set forth in the trial court's minute order and the sentencing memorandum. "[A]n order of probation, like an abstract of judgment, must specify the statutory basis of each fine or fee imposed." (*People v. Eddards* (2008) 162 Cal.App.4th 712, 715; *People v. Fromuth* (2016) 2 Cal.App.5th 91, 114-115.) We accordingly direct the trial court on remand to prepare an amended probation order identifying the statutory bases for the $1,703 fine and assessment. (*People v. Waldie* (2009) 173 Cal.App.4th 358, 368.)

Finally, Zalloum argues that "the undesignated $1,703 fine and assessment seems excessive" and "should be stricken or reduced to the dollar amount authorized by law." The argument lacks merit.

The probation order here does not identify the fine and penalty assessments included in the $1,703 amount to which Zalloum agreed, but the amount is well within

6

the range authorized by statute.  Zalloum is subject to a mandatory fine of $390 to $1,000 for a first violation of Vehicle Code section 23152 (Veh. Code, § 23536, subd. (a)), payment of which must be "impose[d] as a condition of probation" (Veh. Code, § 23538, subd. (a)(1)).  He is also subject to a mandatory state penalty assessment in the same amount as the base fine (Pen. Code, § 1464), which raises the total potential fine and assessment to $2,000.  Additional statutory penalties, surcharge, and assessments raise the maximum amount even higher.  (See Pen. Code, §§ 1465.7, subd. (a) & 1463.14, subd. (b); Gov. Code, §§ 70372, subd. (a), 76000, subd. (a), 76000.5, subd. (a), 76104.6, subd. (a) & 76104.7, subd. (a); Veh. Code, §§ 23645, subd. (a) & 23649, subd. (a).)  The $1,703 fine and penalty assessment that Zalloum agreed to pay therefore did not exceed the maximum fine, with penalty assessments, authorized by statute.

## DISPOSITION

The order of probation is affirmed.  The trial court is directed to prepare a corrected order of probation setting forth the statutory bases for the $1,703 fine and assessment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

7