Filed 11/3/16

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C074138 |
| v. | (Super. Ct. No. CRF042140) |
| LORENZO CHAVEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Yolo County, Stephen L. Mock, Judge.  Affirmed.

Matthew A. Siroka, Retained Counsel for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Supervising Deputy Attorney General, Robert C. Nash, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Lorenzo Chavez pleaded no contest to charges that he offered to sell a controlled substance and failed to appear.  The trial court suspended imposition of sentence and placed defendant on probation for four years.

After defendant successfully completed his probation in 2009, he filed a motion pursuant to Penal Code section 1385,[1] asking the trial court to dismiss the action in the

---

[1] Undesignated statutory references are to the Penal Code.

1

interests of justice based on ineffective assistance of counsel and asserted legal errors. The trial court concluded that because the motion was brought pursuant to section 1385 rather than section 1203.4, it did not have authority after probation ended to grant the requested relief. The trial court denied the motion to dismiss.

The People contend the denial was not an appealable order. Defendant asserts the order is appealable and the trial court erred in ruling that it lacked authority to dismiss under section 1385.

We conclude the order is appealable and the trial court did not err. Section 1203.4 is the exclusive method for a trial court to dismiss the conviction of a defendant who has successfully completed probation.

We will affirm the judgment.

BACKGROUND

Defendant negotiated, but did not show up to complete, the sale of methamphetamine to an undercover law enforcement agent. The People initiated a criminal case against defendant and the trial court released him on his own recognizance. Defendant failed to appear. In May 2005, defendant pleaded no contest to offering to sell a controlled substance (Health & Saf. Code, § 11379, subd. (a) -- count 1) and failure to appear (§ 1320, subd. (b) -- count 2). The trial court suspended imposition of sentence and placed defendant on probation for four years.

In 2009 defendant successfully completed his probation. Years later, in March 2013, he filed a motion pursuant to section 1385, asking the trial court to dismiss the action in the interests of justice. Among other things, defendant claimed he received ineffective assistance of counsel in entering his plea. He said that because of various legal errors he entered a guilty plea without knowing the immigration consequences. Defendant argued a trial court has authority under section 1385 to dismiss a case after probation is ordered.

2

The People countered that although defendant raised significant concerns, he used the wrong procedure to request relief. The People argued that because probation had been terminated, the trial court did not have authority to grant section 1385 relief.

The trial court said it did not find any case holding that section 1385 authorizes a trial court to grant a motion to dismiss after probation has expired. According to the trial court, such authority comes under section 1203.4 rather than section 1385, but defendant did not bring his motion pursuant to section 1203.4. The trial court denied the motion to dismiss.

DISCUSSION

As a threshold matter, the People claim the trial court denial was not an appealable order because defendant did not appeal or challenge the negotiated plea he entered in 2005. We disagree.

Except in circumstances not applicable here, a defendant may appeal from a final judgment of conviction and from any order made after judgment, affecting the substantial rights of the party. (§ 1237, subds. (a), (b).) Where a defendant is granted probation and the probationary period expires without revocation, the order granting probation is a "final judgment" within the meaning of section 1237, subdivision (a). (*People v. Chandler* (1988) 203 Cal.App.3d 782, 787.) An order denying defendant relief under section 1203.4 is an appealable order made after judgment affecting the substantial rights of the defendant. (§ 1237, subd. (b); *Chandler, supra,* 203 Cal.App.3d at p. 787; *People v. Johnson* (1955) 134 Cal.App.2d 140, 142-143 (*Johnson*) [in a case involving a denial of a section 1203.4 motion, a different panel of this court stated, "if the probationary period expires without revocation, there can then be no formal judgment, and the order granting probation under the provisions of Penal Code, section 1237, must be considered as the final judgment insofar as any order made thereafter 'affecting the substantial rights of the party' are concerned."]; see also *People v. Feyrer* (2010) 48 Cal.4th 426, 433, fn. 5; *People v. Totari* (2002) 28 Cal.4th 876, 886-887.)

3

Turning to defendant's contention, he argues section 1203.4 does not limit the trial court's power to dismiss a case pursuant to section 1385 after the defendant successfully completes probation.

We review de novo issues involving the interpretation of statutes. (*People v. Mgebrov* (2008) 166 Cal.App.4th 579, 585 (*Mgebrov*).) " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.] In order to determine this intent, we begin by examining the language of the statute. [Citations.] But "[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." [Citations.] Thus, "[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act." [Citation.] Finally, we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." [Citation.]' " (*People v. Thomas* (1992) 4 Cal.4th 206, 210 (*Thomas*).) "[A] wide variety of factors may illuminate the legislative design, ' "such as context, the object in view, the evils to be remedied, the history of the time and of legislation upon the same subject, public policy and contemporaneous construction." ' [Citations.]" (*Walters v. Weed* (1988) 45 Cal.3d 1, 10.)

Section 1203.4 applies to probationers whose period of probation has ended. (§ 1203.4, subd. (a)(1); *People v. Morrison* (1984) 162 Cal.App.3d 995, 997-998.) The statute allows a qualifying defendant, at any time after the termination of the period of probation, to withdraw his or her plea of guilty or nolo contendere and enter a plea of not guilty. (§ 1203.4, subd. (a)(1).) If the defendant was convicted after a plea of not guilty, section 1203.4 requires the court to set aside the verdict of guilty. (*Ibid*.) In either case, the court shall dismiss the accusations or information against the defendant. (*Ibid*.) The defendant is entitled to relief under section 1203.4 if (1) he or she has fulfilled the

conditions of probation for the entire period of probation, (2) he or she has been discharged prior to the termination of the period of probation, or (3) the trial court, in its discretion and in the interests of justice, determines that the defendant should be granted relief under section 1203.4, and (4) the defendant is not then serving a sentence for any offense, is not on probation for any offense, or is not charged with the commission of any offense. (*Ibid*.)

Dismissal of the accusations or information under section 1203.4 releases the defendant from all penalties and disabilities resulting from the conviction, except as provided in section 1203.4. (§ 1203.4, subd. (a)(1).) Such relief is intended to reward a defendant who successfully completed probation by mitigating some of the consequences of the conviction. (*Mgebrov, supra,* 166 Cal.App.4th at p. 584.) However, dismissal under section 1203.4 does not erase a conviction; it "merely frees the convicted felon from certain 'penalties and disabilities' of a criminal or like nature." (*Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872, 877-878.) As we will explain later in this opinion, there are numerous exceptions to the relief authorized by section 1203.4. (§ 1203.4, subds. (a), (b); *People v. Frawley* (2000) 82 Cal.App.4th 784, 790-792.)

Section 1385 is different. Pursuant to that section, a judge or magistrate may, on his or her own motion or upon application of the prosecuting attorney, and in furtherance of justice, order an action dismissed.[2] (§ 1385.) A dismissal pursuant to section 1385

---

[2] In *People v. Fuentes* (2016) 1 Cal.5th 218, the California Supreme Court recently held that section 186.22, subdivision (g) does not eliminate a trial court's discretion under section 1385 to dismiss a section 186.22 sentencing enhancement allegation for a gang-related offense. (*Fuentes*, at pp. 221-222.) Section 186.22, subdivision (g) provides: "Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section . . . where the interests of justice would best be served . . . ." The Supreme Court said a trial court's dismissal authority is broader under section 1385. (*Fuentes*, at pp. 224-225.) Whereas a trial court can dismiss a sentencing enhancement allegation under section 1385, a trial court's discretion under section 186.22, subdivision (g) is limited to striking the additional punishment for the enhancement. (*Fuentes*, at pp. 224-225.) The distinction is significant because an

may be proper before, during, or after trial.  (*People v. Hatch* (2000) 22 Cal.4th 260, 268.)  Unlike a dismissal under section 1203.4, "[t]he effect of a dismissal under section 1385 is to wipe the slate clean as if the defendant never suffered the prior conviction in the initial instance.  In other words, '[t]he defendant stands as if he had never been prosecuted for the charged offense.  (*People v. Simpson* (1944) 66 Cal.App.2d 319, 329.)'  (*People v. Superior Court (Flores)* (1989) 214 Cal.App.3d 127, 136 [(*Flores*)].)"  (*People v. Barro* (2001) 93 Cal.App.4th 62, 67.)

A trial court's discretionary power to dismiss an action under section 1385 has been recognized by statute since 1850.  (Stats. 1850, ch. 119, § 629, p. 323.)  With slight changes, the provision became section 1385 when the Penal Code was enacted in 1872.[3] (*Williams, supra*, 30 Cal.3d at p. 478.)

---

enhancement finding may impact a defendant in a future case even if the punishment for the enhancement is struck.  (*Id.* at p. 225.)  The Supreme Court did not find in the language of section 186.22 the clear legislative direction necessary to abrogate a trial court's discretion under section 1385.  (*Fuentes*, at p. 231.)  The conclusion in this case is different.  Here, sections 1203.4 and 1385 both authorize the dismissal of an action. (§§ 1203.4 subd. (a)(1), 1385, subd. (a).)  As we will explain, the original section 1203.4 also had the same restorative effect as section 1385.  And an examination of the language and history of the two statutes demonstrates clear legislative intent to eliminate section 1385 discretion in cases where section 1203.4 applies.

[3]  "In 1851, the phrase 'after indictment' was changed to 'or indictment.'  (Stats. 1851, ch. 29, § 597, p. 279.)  The 1872 version read, 'The Court may, either of its own motion or upon the application of the District Attorney, and in furtherance of justice, order an action or indictment to be dismissed.  The reasons of the dismissal must be set forth in an order entered upon the minutes.'  In 1951, 'Court' became 'court,' 'District Attorney' was changed to 'prosecuting attorney,' the phrase 'or indictment' was dropped, and the third sentence was added.  (Stats. 1951, ch. 1674, § 141, p. 3857.)  In 1980, 'judge or magistrate' was substituted for 'court.'  (Stats. 1980, ch. 938, § 7, p. 2968.)"  (*People v. Williams* (1981) 30 Cal.3d 470, 478, fn. 5 (*Williams*), superseded by statute on another point as noted in *Raven v. Deukmejian* (1990) 52 Cal.3d 336, 348.)  In 1986, the existing provision became subdivision (a) and subdivision (b) was added to restrict the authority of the trial court to strike prior convictions of serious felonies when imposing an enhancement under section 667.  (*People v. Valencia* (1989) 207 Cal.App.3d 1042, 1045.)  In 2000, subdivision (c) was added to give the court authority to "strike the

The judicial authority to dismiss a criminal action or allegation in furtherance of justice is statutory and may be withdrawn by the Legislature. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504, 518.) A court may exercise such authority unless, in a given context, the Legislature has clearly evidenced a contrary intent. (*Williams, supra,* 30 Cal.3d at p. 482; *Thomas, supra,* 4 Cal.4th at p. 211.) Courts will not interpret another statute as eliminating the power to dismiss under section 1385 unless there is clear legislative direction to that effect. (*Romero,* at p. 518.) But the Legislature can provide such clear direction without expressly referring to section 1385. (*Romero,* at p. 518.)

*People v. Tanner* (1979) 24 Cal.3d 514, 518 (*Tanner*) shows how the Legislature can provide clear direction without mentioning section 1385. That case involved section 1203.06, a statute specifying, among other things, that probation shall not be granted to a person who personally uses a firearm during the commission of a robbery. (§ 1203.06, subd. (a)(1)(B).) The California Supreme Court considered whether a trial court could use section 1385 to strike a firearm allegation and thereby avoid the mandatory prohibition in section 1203.06. (*Tanner, supra,* 24 Cal.3d at p. 518.) The Court said no, the mandatory provisions of section 1203.06 could not be avoided by employing section 1385. (*Tanner,* at p. 519.) To hold otherwise would nullify section 1203.06 and restore prior law allowing a trial court to grant probation anytime it deemed such a grant appropriate in the interests of justice. (*Tanner*, at pp. 519-520.) The Court observed that "whereas section 1385 is general in nature, relating to the broad scope of dismissal, section 1203.06 is specific, relating to the limited power of dismissal for purposes of probation -- the very matter at issue." (*Tanner*, at p. 521.) In addition, section 1203.06 is "the later enactment, adopted by the Legislature in response to the particular problem at

additional punishment" for an enhancement provided the court "has the authority pursuant to subdivision (a) to strike or dismiss [such] enhancement." (Stats. 2000, ch. 690, § 3.)

7

hand.  A specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to include the subject to which the specific provision relates." (*Tanner*, at p. 521; See *People v. Rodriguez* (1986) 42 Cal.3d 1005, 1019 [confirming continuing validity of *Tanner*])

Like section 1203.06, what is now section 1203.4 was enacted after section 1385 and is more specific.  (Stats. 1909, ch. 232, § 1, p. 359)  Section 1203.4 was paragraph 5 to the original section 1203, a statute directed at the subject of probation.  (Stats. 1905, ch. 166, § 1, pp. 162-164; Stats. 1909, ch. 232, § 1, p. 359.)  In contrast, section 1385 is a general statute "relating to the broad scope of dismissal." (*Tanner, supra,* 24 Cal.3d at p. 521.)  Section 1385 does not reference probation.  Section 1203.4 relates to "the limited power of dismissal for purposes of probation -- the very matter at issue." (*Tanner,* at p. 521.)

Section 1203.06 involves a particular prohibition not present in section 1203.4. But like the probation statute in *Tanner, supra*, 24 Cal.3d 514, the original section 1203.4 contained mandatory terms.  (Stats. 1909, ch. 232, § 1, p. 359; see also *People v. Field* (1995) 31 Cal.App.4th 1778, 1788 [probationer who fulfills the conditions of probation for the entire period of probation or who has been discharged before the termination of the probationary term is entitled as a matter of right to expungement of the conviction]; *Johnson, supra,* 134 Cal.App.2d at p. 144 [interpreting the word "shall" in section 1203.4 as mandatory].)  It required dismissal of the accusation or information when the conditions for relief were present.  (Stats. 1909, ch. 232, § 1, p. 359.)[4]

---

[4] The original version of section 1203.4 provided, "Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time prior to the expiration of the maximum period of punishment for the offense of which he has been convicted, dating from said discharge from probation or said termination of said period of probation, be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set

8

Moreover, dismissal of an accusation or information under the original section 1203.4 had the same effect as a dismissal under section 1385. (*People v. Mackey* (1922) 58 Cal.App. 123, 130-131; *Flores, supra,* 214 Cal.App.3d at p. 136.) A defendant was released "from all penalties and disabilities resulting from the offense or crime of which he [or she] has been convicted." (Stats. 1909, ch. 232, § 1, p. 359.) The Legislature intended the original version of section 1203.4 "to wipe out absolutely the entire proceeding in question in a given case and to place the defendant in the position which he would have occupied in all respects as a citizen if no accusation or information had ever been presented against him. Such is the legal effect of the dismissal of a criminal charge before conviction, and . . . the lawmaking body intended, by [paragraph 5 of] section 1203, that the same effect should attend a dismissal after conviction." (*Mackey, supra,* 58 Cal.App. at pp. 130-131; see *In re Disbarment of Herron* (1933) 217 Cal. 400 (*Herron*) [dismissal of action under then section 1203 released the defendant from all penalties and disabilities resulting from the conviction], disapproved on another point in *In re Phillips* (1941) 17 Cal.2d 55, 59-60.)

The Legislature could not have intended to preserve the court's discretionary power to dismiss under section 1385 when it mandated dismissal in a later-enacted statute with the same restorative effect that specifically addressed the dismissal of accusations or an information against a successful probationer. (*Thomas, supra*, 4 Cal.4th at p. 213 [the Legislature intended to preclude exercise of power under section 1385 when exercise of such power could effectively negate a later-enacted and more specific statute]; *Tanner, supra*, 24 Cal.3d at pp. 519-520.) A contrary interpretation would nullify the original section 1203.4. "Under well-established rules of construction, any inconsistency between

aside the verdict of guilty and the court shall thereupon dismiss the accusation or information against such defendant who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted." (Stats. 1909, ch. 232, § 1, p. 359.)

9

the two provisions would be resolved by applying the more specific provision." (*Thomas, supra*, 4 Cal.4th at p. 213.)

The 1971 amendment of section 1203.4 supports our conclusion. That year the Legislature expanded the class of defendants who might obtain section 1203.4 relief to include those who did not successfully complete probation but who should be granted relief in the court's discretion and in the interests of justice. (Stats. 1971, ch. 333, § 1, p. 667; *People v. McLernon* (2009) 174 Cal.App.4th 569, 576-577; see *Mgebrov, supra*, 166 Cal.App.4th at p. 587 [the 1971 amendment gave the courts considerable flexibility in their application of the statute].) It would not have been necessary for the Legislature to amend section 1203.4 to authorize a court to dismiss "in its discretion and the interests of justice" if courts had retained authority to dismiss "in furtherance of justice" under section 1385 after the Legislature enacted the original section 1203.4.

Other California Supreme Court cases also support our conclusion that section 1203.4, and not section 1385, governs dismissal in a case where the defendant is granted probation and seeks dismissal after the expiration of the probationary period. *Herron, supra,* 217 Cal. 400, involved a proceeding to disbar an attorney. One issue before the Supreme Court was whether a trial court could set aside a conviction and dismiss an action after expiration of the probation period. (*Id.* at p. 405.) The Supreme Court ruled that the power to dismiss an action in that circumstance was found in the original version of section 1203.4. (*Herron,* at p. 405; see also *People v. Behrmann* (1949) 34 Cal.2d 459, 462, fn. 1 [citing section 1203.4 and stating that the court's power to vacate the judgment and dismiss the cause after probation is fulfilled depends on the statutory procedure].) The Supreme Court did not say section 1385 gave the trial court the power to dismiss after a defendant completed probation.

Likewise, in *In re Phillips, supra*, 17 Cal.2d 55, another attorney disbarment case, the Supreme Court once again acknowledged that section 1203.4 established the authority of a trial court to set aside the verdict after satisfactory completion of probation. (*In re*

10

*Phillips, supra*, 17 Cal.2d at p. 59.)  Moreover, in *Banks, supra,* 53 Cal.2d 370, the Court again referenced section 1203.4 as the statutory basis for dismissing a case when a defendant successfully completed probation.  (*Banks*, at pp. 384-388, 391; see also *Stephens, supra,* 51 Cal.2d at pp. 870-871.)

The Court of Appeal in *People v. Barraza* (1994) 30 Cal.App.4th 114 reached a similar conclusion, stating that section 1203.4 is the only statutory avenue available for an adult convicted of a felony and placed on probation rather than sentenced to prison. (*Barraza*, at p. 120; see also Comment, *Expungement in California: Legislative Neglect and Judicial Abuse of the Statutory Mitigation of Felony Convictions* (1977) 12 U.S.F. L.Rev. 155, 166 (Comment) ["With the single and rare exception of pardon, section 1203.4 is the only statutory enactment that presumptively relieves the legal and collateral disabilities of a felony conviction."].)

In addition, the amendatory history of section 1203.4 discloses a continuing legislative intent, based on public safety and other considerations, to limit a court's authority (like it might otherwise have under section 1385) to wipe a probationer's slate clean or even free the probationer from certain penalties and disabilities.  (*People v. Ansell* (2001) 25 Cal.4th 868, 879-880; *Tanner, supra,* 24 Cal.3d at p. 519; Comment, *supra*, 12 U.S.F. L.Rev. at pp.167-172.)  Starting in 1927, the Legislature narrowed the ameliorative effect of a dismissal under section 1203.4 so that section 1203.4 no longer renders the prior conviction a legal nullity.  (Compare § 1203.4 with Stats. 1909, ch. 232, § 1, p. 359; see also *People v. Vasquez* (2001) 25 Cal.4th 1225, 1230-1231.)  The 1927 amendment provided that "in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."  (Stats. 1927, ch. 770, § 1, p. 1496.)  That amendment stripped the defendant of all the privileges and rights restored under the original statute, and provided that if the defendant committed a second offense, he or she forfeited all the remaining rights and benefits

restored when the information was dismissed.  (*People v. Majado* (1937) 22 Cal.App.2d 323, 325.)

The 1961 amendment to section 1203.4 provides that dismissal under the statute does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person, and does not prevent conviction under section 12021.  (Stats. 1961, ch. 1735, § 1, p. 3744.)  Pursuant to the 1978 amendment, dismissal under section 1203.4 does not affect the revocation or suspension of the defendant's privilege to drive a motor vehicle.  (Stats. 1978, ch. 911, § 1, p. 2870; Veh. Code, § 13555.)  The 1979 and 1989 amendments indicate dismissal under the statute does not relieve the defendant of the obligation to disclose the prior conviction in response to any direct question contained in any questionnaire or application for public office or for licensure by any state or local agency, or for contracting with the California State Lottery.  (Stats. 1979, ch. 199, § 6, p. 444; Stats. 1989, ch. 917, § 11, p. 3190.)  The 2005 amendment provides that, except as provided in section 290.5, dismissal under the statute does not relieve a person of the duty to register as a sex offender under section 290.  (Stats. 2005, ch. 704, § 3, p. 5629.)  Under the 2008 amendment, dismissal does not permit a person to hold public office who is otherwise barred.  (Stats. 2008, ch. 94, § 1.)  And consistent with the foregoing amendments, cases have held that section 1203.4 does not bar use of a prior conviction in licensee disciplinary proceedings.  (See, e.g., *Meyer v. Board of Medical Examiners* (1949) 34 Cal.2d 62, 67; *Copeland v. Department of Alcoholic Beverage Control* (1966) 241 Cal.App.2d 186, 188.)  As this review of the amendatory history demonstrates, it would nullify the restrictions imposed by the Legislature and interpreted by the courts if we were to construe the statutes as preserving a trial court's discretion under section 1385 to completely erase a probationer's conviction.

The cases cited by defendant in support of his position are inapposite.  There is no indication in *People v. Orabuena* (2004) 116 Cal.App.4th 84 that the defendant had

completed probation and was eligible for relief under section 1203.4. (*Orabuena*, at p. 89.) That decision does not discuss dismissal under section 1203.4. Moreover, the defendant in *People v. Kim* (2012) 212 Cal.App.4th 117 was sentenced to three years in prison and sought relief under section 1385 years after he was released on parole. (*Kim*, at pp. 119-121.) He was not granted probation on the conviction he invited the trial court to dismiss pursuant to section 1385. (*Kim*, at pp. 119-121.) The court in *Kim* did not discuss dismissal under section 1203.4.

In cases involving a request for dismissal of accusations or an information against a defendant after the period of probation has ended, the Legislature has provided clear legislative direction that the courts do not have authority under section 1385 to grant the requested relief. Section 1203.4 is the exclusive method by which a court can dismiss the conviction of a defendant who has successfully completed probation. Accordingly, the trial court properly concluded it was without discretion to dismiss defendant's conviction under section 1385.

DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　／S／
　　　　　　　　　　　　　　　MAURO, J.

We concur:

　／S／
RAYE, P. J.

　／S／
BUTZ, J.