Filed 9/5/25; Certified for Publication 9/24/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DUKE AHN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GEORGE PARISOTTO et al.,<br><br>    Defendants and<br>Respondents. | B337936<br><br>(Los Angeles County<br>Super. Ct. No. 23STCP00051) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Lexint Law Group, Robert Hsu for Plaintiff and Appellant.

Ken Lau, Chief Counsel, William J. Murphy, Assistant Chief Counsel, Henry A. Park, for Defendant and Respondent Department of Industrial Relations.

# INTRODUCTION

Appellant Duke Ahn, M.D., pled guilty to a misdemeanor violation of Business and Professions Code section 650, relating to illegal kickbacks for medical referrals; he was ordered to serve a term of probation. After paying the ordered restitution and other fees, Ahn successfully moved to have the matter dismissed under Penal Code section 1385.

Under Labor Code section 139.21, a medical provider who has been convicted of certain crimes relating to fraud of the workers' compensation program shall be suspended from that program. Ahn's crime met this definition, so the Department of Industrial Relations (DIR) suspended him from the workers' compensation program. Ahn challenged that finding through an administrative proceeding, which upheld the suspension. Ahn challenged that ruling with a petition for writ of mandate in the superior court. Ahn argued that because his misdemeanor case had been dismissed, he did not meet the definition of "convicted" in Labor Code section 139.21. The superior court denied the petition, and Ahn appealed.

We affirm. The plain language of Labor Code section 139.21, subdivision (a)(4)(C) defines "convicted" to include any circumstance in which a guilty plea has been accepted by a court. The statute does not include an exception for cases that are later dismissed. Ahn's suspension was therefore supported by law.

# FACTUAL AND PROCEDURAL BACKGROUND

## A. Conviction and dismissal

Ahn is a licensed physician. In May 2019, he pled guilty to a misdemeanor violation of Business and Professions Code section 650, which bars consideration as compensation for patient referrals. As the factual basis for the plea, Ahn admitted that he

2

was a "licensed physician in the state of California and [he had] received consideration as compensation or inducement for referring patients" for certain services. The plea agreement provided that additional counts would be dismissed, Ahn would pay $80,114 in restitution and $8,000 to the victim witness emergency fund, and Ahn could move for dismissal in May 2022 at the completion of his three-year probation period.

At a hearing in August 2020, before the end of his probation period, Ahn provided the court with proof that his ordered restitution and emergency fund amounts had been paid. He orally moved to dismiss the case pursuant to Penal Code section 1385. Over the People's objection, the court granted the motion and dismissed the matter in "furtherance of justice."

**B.     Suspension from workers' compensation system**

In August 2022, the Administrative Director of the DIR Division of Workers' Compensation sent Ahn a notice that he was being suspended from participation in California's workers' compensation system because of his conviction. The DIR cited Labor Code section 139.21, subdivision (a)(1)(A), which states that the agency "shall suspend . . . any physician" who has been convicted of certain crimes. The letter stated that Ahn could request a hearing "limited to whether or not Labor Code section 139.21(a)(1) is applicable to you."

Ahn requested a hearing. He argued that his case had been dismissed under Penal Code section 1385, thereby nullifying the conviction so that Labor Code section 139.21 did not apply to him. A hearing was scheduled for September 2022.

The DIR filed a hearing brief. It noted that Labor Code section 139.21, subdivision (a)(1)(A) states that a physician shall be suspended from the workers' compensation system if that

3

physician has been convicted of a crime that "involves fraud or abuse of . . . the workers' compensation system, or fraud or abuse of any patient" (subd. (a)(1)(A)(i)), "relates to the conduct of the individual's medical practice as it pertains to patient care" (subd. (a)(1)(A)(ii)), "is a financial crime that relates to . . . the workers' compensation system" (subd. (a)(1)(A)(iii)), or "is otherwise substantially related to the qualifications, functions, or duties of a provider of services" (subd. (a)(1)(A)(iv)).  DIR argued that Ahn's conviction arose out of a scheme involving "multiple doctors, a multiple pharmacies [*sic*], manufacturing, marketing and billing companies to allegedly defraud at least 8 different insurance companies from 2013 to 2015 by submitting bills for unnecessary and/or overpriced creams, treatments and tests prescribed for workers' compensation patients, without disclosing that doctors were getting paid for the referrals."  The DIR argued that Ahn's conviction therefore fell under multiple categories in Labor Code section 139.21, subdivision (a)(1)(A).

The DIR further noted that Labor Code section 139.21, subdivision (a)(4) states that "an individual or entity is considered to have been convicted of a crime if any of the following applies: (A) A judgment of conviction has been entered by a federal, state, or local court, regardless of whether there is an appeal pending or whether the judgment of conviction or other record relating to criminal conduct has been expunged.  (B) There has been a verdict or finding of guilt by a federal, state, or local court. (C)  A plea of guilty has been accepted by a federal, state, or local court."  The DIR argued that the dismissal under Penal Code section 1385 did not erase Ahn's guilty plea or his factual admissions about the nature of his crime, and therefore Labor Code section 139.21 still applied.

Following a hearing, an administrative law judge (ALJ) issued a written ruling. The ruling noted that the "Violation of B&P Code 650 is a violation that involved definition of [*sic*] fraud, is a financial crime, relates to qualifications, functions and duty of the provider, pertains to patient care, and places the patient in danger." The ruling summarized the parties' arguments, and noted that the count against Ahn was dismissed after "there was already substantial compliance with the imposed sentence," including Ahn's payment of over $80,000 in restitution. The ruling stated, "If the criminal charge was completely wiped away, it logically stand[s] that the event never occurred and [Ahn] would be entitled to reimbursement of the restitution amount, at least. This was not sought, nor provided for in the Superior Court Judge's dismissal of Count 7." The ALJ recommended that Ahn's suspension proceed.

On September 30, 2022, the DIR suspended Ahn from the workers' compensation system.

## C. Petition for writ of mandate

On January 9, 2023, Ahn filed a petition for writ of mandate in superior court under Code of Civil Procedure section 1094.5, asking that "the administrative order be vacated and set aside and to require the reinstatement [of Ahn] to participate in workers' compensation system." Ahn argued that the dismissal of his conviction under Penal Code section 1385 nullified his guilty plea, and the ALJ's ruling contradicted that statute. The trial court set a briefing schedule, and the parties submitted briefs echoing their previous arguments.

The superior court issued a written ruling on December 6, 2023 denying Ahn's petition. It noted that Ahn did not challenge any of the agency's factual findings. The court stated that Ahn's

5

"conviction for illegal kickbacks" fit the definition of fraud or abuse of the workers' compensation system in Labor Code section 139.21, subdivision (a)(1)(A)(i), which Ahn did not dispute. The court stated, "Accordingly, unless Penal Code section 1385 overrides Labor Code section 139.21, [DIR] was required to 'promptly suspend' [Ahn] from California's workers' compensation system."

The court noted that Labor Code section 139.21, subdivision (a)(4)(C) states that a person has been "convicted" if a guilty plea has been accepted by a court. The court therefore found that Ahn's "guilty plea is statutorily defined as a 'conviction' within the meaning of Labor Code section 139.21, subdivisions (a)(1)(A)(i) and (a)(4)(C)," and as a result, DIR was required to suspend him.

The court stated that it "need go no further." But it also rejected Ahn's argument that Penal Code section 1385 served to "wipe the slate clean" as if no conviction had ever occurred, because such an interpretation would "effectively nullify Labor Code section 139.21." The court noted that Labor Code section 139.21 was a "more specific and later-enacted provision," and "any inconsistencies with . . . Penal Code section 1385 must be resolved in favor of" Labor Code section 139.21. The court further found that it was "clear" that the Legislature intended Labor Code section 139.21 to "apply broadly" under the circumstances. Thus, the "agency's decision is supported by the weight of the evidence, substantial evidence, and the law."

The court entered judgment on January 22, 2024. Ahn timely appealed.

6

## DISCUSSION

As below, Ahn argues on appeal that "Labor Code section 139.21 does not apply to Mr. Ahn [*sic*], because the dismissal of his case under Penal Code section 1385 operates as if he was never convicted." Respondent DIR asserts that Ahn's guilty plea meets the definition of Labor Code section 139.21, despite the dismissal.

In reviewing an administrative adjudicatory decision under Code of Civil Procedure section 1094.5, a court's inquiry is limited to "whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." (Code Civ. Proc., § 1094.5, subd. (b).) "Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (*Ibid*.) Because Ahn presents only a question of law and there are no disputed issues of fact, we consider the issue de novo on appeal. (See, e.g., *Citizens for East Shore Parks v. State Lands Com*. (2011) 202 Cal.App.4th 549, 573; *Clark v. City of Hermosa Beach* (1996) 48 Cal.App.4th 1152, 1169-1170.) We find no error.

Ahn does not dispute that the crime at issue meets the definitions of Labor Code section 139.21, subdivision (a)(1)(A). He also does not dispute that such a conviction would require suspension from the workers' compensation program. Thus, the only question on appeal is whether Ahn meets the definition of a person who has been "convicted" under Labor Code section 139.21 following the dismissal of his case pursuant to Penal Code section 1385.

7

As noted above, Labor Code section 139.21, subdivision (a)(4) states that an individual "is considered to have been convicted of a crime if any of the following applies: (A) A judgment of conviction has been entered by a federal, state, or local court, regardless of whether there is an appeal pending or whether the judgment of conviction or other record relating to criminal conduct has been expunged. (B) There has been a verdict or finding of guilt by a federal, state, or local court. (C) A plea of guilty has been accepted by a federal, state, or local court."

There is no dispute that Ahn entered a plea of guilty, which was accepted by the superior court.  This fact alone warrants affirmance. The plain language of Labor Code section 139.21, subdivision (a)(4)(C) states that a guilty plea constitutes a conviction for purposes of the statute; the statute does not include any caveats or exceptions for cases that are later dismissed.  When construing a statute, our role is "not to insert what has been omitted, or to omit what has been inserted."  (Code Civ. Proc., § 1858.)  We assume the Legislature, when adding the definition of "convicted" to Labor Code section 139.21 in 2018,[1] knew how to create such an exception if it wished to do so.  (See *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992.)

Notably, Labor Code section 139.21, subdivision (a)(4)(C) requires only a guilty plea—not a judgment, which is addressed in subdivision (a)(4)(A).  In a case such as Ahn's, when a

---

[1]     Labor Code section 139.21 was enacted by Assembly Bill No. 1244 (2015-2016 Reg. Sess.) § 1, effective January 1, 2017. The definitions of "convicted" in subdivision (a)(4) were added shortly thereafter by Assembly Bill No. 1422 (2017-2018 Reg. Sess.), § 1, effective Jan. 1, 2018.

8

defendant pleads guilty and is placed on probation, a judgment of conviction may never be entered. As the Supreme Court explained in *People v. Chavez* (2018) 4 Cal.5th 771, 781 (*Chavez II*), a "grant of probation is not a final judgment." Rather, "In a case where a court suspends imposition of sentence, it pronounces no judgment at all, and a defendant is placed on probation with 'no judgment pending against [him].'" (*Ibid.*) The court stated, "[I]n the case of a successful probationer, final judgment is never pronounced, and after the expiration of probation, may never be pronounced." (*Id.* at p. 777.) Such a "criminal proceeding ends . . . once probation ends if no judgment has issued in the case." (*People v. McKenzie* (2020) 9 Cal.5th 40, 47.)

In general, we presume the Legislature was aware of existing laws and judicial decisions in effect at the time it enacted a statute, and intended to maintain a consistent body of rules. (*Kalpoe v. Superior Court* (2013) 222 Cal.App.4th 206, 211.) In addition to that general presumption, the Legislature's understanding is reflected in Labor Code section 139.21 itself, which defines "convicted" to include a judgment of conviction despite any later expungement (subdivision (a)(4)(A)), *and* a guilty plea without reference to any judgment or later dismissal (subdivision (a)(4)(C)).

Ahn argues that the dismissal under Penal Code section 1385 nullified the guilty plea. He cites *People v. Chavez* (2016) 5 Cal.App.5th 110 (*Chavez I*), the Court of Appeal case affirmed in *Chavez II, supra*. Ahn focuses on language in *Chavez I*, quoted from *People v. Barro* (2001) 93 Cal.App.4th 62, 67 (*Barro*), that "the effect of a dismissal under section 1385 is to wipe the slate clean as if the defendant never suffered the prior conviction in the initial instance. In other words, '[t]he defendant stands as if

9

he had never been prosecuted for the charged offense.'" (See *Chavez I, supra*, 5 Cal.App.5th at pp. 116-117.) This may be true for circumstances such as those in *Barro*, which involved sentencing under the Three Strikes law. The *Barro* court held that a "dismissal under [Penal Code] section 1385 of the charge underlying a prior conviction which would otherwise qualify as a strike precludes the use of that prior conviction as a strike under the Three Strikes law." (*Barro, supra*, 93 Cal.App.4th at p. 64.)

Here, however, we are not addressing criminal sentencing. Nor are we considering the issue addressed in *Chavez I* and *Chavez II*: which Penal Code statute applies for dismissal of a conviction after probation has already terminated. Thus, the reasoning of these cases is of little import. (See, e.g., *Cal. Bldg. Industry Assn. v. State Water Resources Control Bd*. (2018) 4 Cal.5th 1032, 1043 ["It is axiomatic that cases are not authority for propositions that are not considered"].)

Moreover, as the DIR correctly points out, the Court of Appeal in *Chavez I* cited and relied on *People v. Tanner* (1979) 24 Cal.3d 514 (*Tanner*). (See *Chavez I, supra*, 5 Cal.App.5th at pp. 117-118.) *Tanner* addressed a potential conflict between Penal Code section 1385 and Penal Code section 1203.6, which provides that probation may not be granted under certain circumstances. The court stated, "[W]hereas section 1385 is general in nature, relating to the broad scope of dismissal, section 1203.06 is specific, relating to the limited power of dismissal for purposes of probation[,] the very matter at issue. Section 1203.06 is the later enactment, adopted by the Legislature in response to the particular problem at hand. A specific provision relating to a particular subject will govern a general provision, even though the general provision standing alone would be broad enough to

10

include the subject to which the specific provision relates." (*Tanner, supra*, 24 Cal.3d at p. 521.)

Here, similarly, Labor Code section 139.21, enacted in 2016, is a later statute specific to the issue in question (whether Ahn's suspension was supported by his guilty plea), while Penal Code section 1385, enacted in 1872, is an older, more general statute. Thus, even if there were a conflict between the two statutes, Labor Code section 139.21 would control.

Under the plain language of Labor Code section 139.21, subdivision (a)(4)(C), Ahn is a person who "has been convicted" of a crime. There is no dispute that the crime met the definitions of Labor Code section 139.21, subdivision (a)(1)(A). Ahn's suspension was therefore supported by law.

## DISPOSITION

The judgment is affirmed. Respondent DIR is entitled to recover its costs on appeal.

COLLINS, J.

We concur:

ZUKIN, P. J.

TAMZARIAN, J.

11

Filed 9/24/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DUKE AHN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GEORGE PARISOTTO et al.,<br><br>    Defendants and Respondents. | B337936<br><br>(Los Angeles County<br>Super. Ct. No. 23STCP00051)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

THE COURT\*

    The opinion in the above-entitled matter filed on September 5, 2025 was not certified for publication in the Official Reports. Upon application of an interested party and for good cause appearing, it is ordered that the opinion shall be published in the Official Reports.

    Pursuant to California Rules of Court, rule 8.1105(b), this opinion is certified for publication.

_____

ZUKIN, P. J.\*             COLLINS, J.             TAMZARIAN, J.

1