Filed 1/9/26  P. v. Alesana CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B340811 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA111426) |
| v. | |
| ELIJAH ALESANA, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed in part and reversed in part.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

Elijah Alesana appeals the trial court's denial of his petition to expunge his conviction for felony grand theft by embezzlement under Penal Code[1] section 1203.4 and to reduce his offense to a misdemeanor. We agree the court erred in denying his expungement request and in failing to consider his request to reduce the offense to a misdemeanor.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Alesana pleaded no contest to felony grand theft by embezzlement (§§ 487, subd. (a), 504). The trial court placed him on formal probation for three years and ordered him to pay $27,600 in victim restitution (§ 1202.4, subd. (f)) and to perform 45 days of community service.

In 2022, a few days before his grant of probation was set to expire, Alesana advised the court he had completed only four of the 45 days of community service. Alesana stipulated to a new grant of probation set to expire one year later.

One year later, Alesana submitted to the court proof that he had partially completed his community service obligation. Alesana again stipulated to a new grant of probation to expire in six months. His restitution obligation was converted to a civil judgment.

On the date Alesana's new probation period was set to expire, Alesana appeared in court and the court summarily revoked his probation because Alesana still had 17 days of community service outstanding. Alesana agreed to serve eight days in county jail in lieu of completing the remaining community service. Alesana was remanded that day and spent

---

[1]     Statutory references are to the Penal Code.

eight days in custody. After Alesana served the time, the court terminated his probation, finding that Alesana "completed his obligations" and that his restitution obligation had been "handled via civil judgment."

In June 2024, Alesana filed a petition for expungement of his felony grand theft conviction using a standard form petition (CR-180, rev. Jan. 1, 2024). He checked the box associated with relief under section 1203.4, indicating he "ha[d] fulfilled the conditions of probation for the entire period thereof." As to section 17, subdivision (b), the form included the following pre-printed statement: "Petitioner requests that the eligible felony offenses listed above be reduced to misdemeanors under . . . section 17[, subdivision] (b)." Alesana listed his offense on the petition and indicated it was eligible to be reduced to a misdemeanor. Alesana also attached a declaration to the petition, stating he "would like to expunge [his] criminal record." He stated he had no new criminal cases, had been working and going to school, and planned to become an attorney.

In July 2024, the court held a hearing at which Alesana was present without counsel. The court denied the petition under section 1203.4 and based its denial on Alesana's failure to pay $27,600 in victim restitution. The court did not address his request to reduce his conviction to a misdemeanor under section 17, subdivision (b).

Alesana timely appealed. (See *People v. Chavez* (2016) 5 Cal.App.5th 110, 114 [order denying relief under section 1203.4 is appealable].)

3

**DISCUSSION**

Alesana contends he was entitled to section 1203.4 relief because he fulfilled his probation conditions for the entire probation period. He also contends that the trial court abused its discretion by denying his request to reduce his felony conviction to a misdemeanor under section 17, subdivision (b).

A. *The Court Erred in Denying Alesana's Petition Under Section 1203.4*

Section 1203.4 provides in pertinent part that a defendant who has fulfilled the conditions of probation for the entire period of probation "is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed."[2] (*People v. Hawley* (1991) 228 Cal.App.3d 247, 249-250; accord, *People v. Guillen* (2013) 218 Cal.App.4th 975, 991.) If the petitioner meets the criteria for relief under section 1203.4, "the trial court is *required* to grant the requested relief." (*Hawley*, at p. 250; accord, *People v. Lewis* (2006) 146 Cal.App.4th 294, 297-298.)

" ' "A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by

---

[2] However, "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." (§ 1203.4, subd. (a)(1); see *People v. Park* (2013) 56 Cal.4th 782, 803, fn. 10.) Further, the defendant may still be required to disclose the conviction in applying for public office or for licensure by any state or local agency. (§ 1203.4, subd. (a)(1).)

mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so." ' " (*People v. E.B.* (2020) 51 Cal.App.5th 47, 54.)  The statute "provides substantial benefits [because] the successful probationer is generally released from all the 'penalties and disabilities' which otherwise would have resulted from the convictions." (*People v. Mazumder* (2019) 34 Cal.App.5th 732, 745.)

Alesana contends the court erred in denying his petition for mandatory relief based on his failure to pay victim restitution. We accept the People's concession that Alesana's outstanding restitution obligation that was converted to a civil judgment may not serve as a basis for denying relief.  As of 2023, section 1203.4 provides that a "petition for relief under this section shall not be denied due to an unfulfilled order of restitution," and an unfulfilled order of restitution "shall not be grounds for finding that a defendant did not fulfil[l] the condition of probation for the entire period of probation."  (§ 1203.4, subd. (c)(3)(A) & (B) [Stats. 2022, c. 734 (S.B. 1106), § 3, eff. Jan. 1, 2023].)

The People nevertheless argue the ruling denying Alesana's request for expungement should be affirmed because Alesana did not fulfill the other terms of his probation for the entire probation period.  They note that Alesana's "consistent failure to perform the required community service led to two extensions of his probation and the ultimate revocation of probation."  These circumstances do not justify the denial of section 1203.4 relief.

"Any violation of any of the probationary terms will disqualify a probationer" from mandatory relief under section 1203.4, subdivision (a).  (*People v. Guillen, supra,* 218 Cal.App.4th at p. 991.)  Here, however, the court only

5

summarily revoked Alesana's probation and never found him in violation of his probation.  It is true that "[e]ven where a defendant's probation has not been revoked, relief under [section 1203.4] may be denied absent a showing that the defendant fulfilled the conditions of probation."  (*People v. Johnson* (2012) 211 Cal.App.4th 252, 262.)  Although Alesana did not complete the 45 days of community service that was part of his original sentence, the court converted Alesana's remaining community service to jail time, and after Alesana served that time in custody, the court concluded he had "completed his obligations" to the court and terminated his probation.  Accordingly, the record demonstrates Alesana completed the (amended) terms of his probation, and he is entitled to mandatory expungement under section 1203.4, subdivision (a).

B.  *On Remand the Superior Court Must Consider Alesana's Request To Reduce Alesana's Offense to a Misdemeanor Under Section 17, Subdivision (b)*

Under section 17, subdivision (b)(3), when a crime is punishable as either a felony or a misdemeanor, i.e., it is a "wobbler" (*People v. Tran* (2015) 242 Cal.App.4th 877, 885), the trial court may reduce the offense to a misdemeanor "at the time of granting probation, or on application of the defendant or probation officer thereafter" (§ 17, subd. (b)(3)).  The court has broad discretion in deciding whether to reduce a wobbler to a misdemeanor.  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977; see § 17, subd. (b); *People v. Park* (2013) 56 Cal.4th 782, 790-791.)  In exercising its discretion, the court considers several factors, including " 'the nature and circumstances of the offense, the defendant's appreciation of and

6

attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.'" (*Alvarez*, at p. 978.)

Grand theft by embezzlement of property valued at more than $950, the offense for which Alesana was convicted, is a "wobbler." (*People v. Selivanov* (2016) 5 Cal.App.5th 726, 758.) Alesana asserts the trial court should have granted his request to reduce his felony conviction to a misdemeanor. Because the court did not address his request, on remand it must do so.

## DISPOSITION

The order denying Alesana's petition for relief is reversed and remanded with directions to grant the petition for relief under section 1203.4 and to consider the request to reduce his offense to a misdemeanor under section 17, subdivision (b).

                                        STONE, J.

We concur:



            MARTINEZ, P. J.



            FEUER, J.

7